```
1   Brian A. Sun
    (CA SBN 89410)
2   NORTON ROSE FULBRIGHT US LLP
    555 South Flower Street
3   Forty-First Floor
    Los Angeles, CA 90071
4   Telephone: (213) 892-9200
    brian.sun@nortonrosefulbright.com
5
6   Brett C. Govett (pro hac vice)
    (TX SBN 08235900)
7   NORTON ROSE FULBRIGHT US LLP
    2200 Ross Avenue, Suite 3600
8   Dallas, Texas 75201
    Telephone: (214) 855-8000
9   brett.govett@nortonrosefulbright.com
10
11  Daniel S. Leventhal (pro hac vice)
    (TX SBN 24050923)
12  NORTON ROSE FULBRIGHT US LLP
    1301 McKinney, Suite 5100
13  Houston, Texas 77010
    Telephone: (713) 651-5151
14  daniel.leventhal@nortonrosefulbright.com
15
    Counsel for Plaintiff Smith Interface Technologies, LLC
16
17  [Additional counsel listed on signature page]
```

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SMITH INTERFACE TECHNOLOGIES, LLC, | Case No. 3:23-cv-1187-TWR-DTF |
| Plaintiff, | **PLAINTIFF SMITH INTERFACE TECHNOLOGIES, LLC'S *EX PARTE* APPLICATION TO ADJUST CLAIM ELECTION DEADLINE** |
| v. | |
| APPLE INC., | |
| Defendant. | |

# TABLE OF CONTENTS

**PAGE**

I. INTRODUCTION ................................................................................................... 1

II. ARGUMENT .......................................................................................................... 3

    A. Respectfully, Thirteen Days is Insufficient to Perform the Substantial Analytical Exercise Needed to Elect 200 Claims From Among the Claims Apple Infringes ... 3

    B. Permitting Smith Interface Sufficient Time to Consider Claim Election is Consistent with the Court's Order .......................................................................... 5

    C. This Application Meets the Standard for *Ex Parte* Relief ....................................... 7

III. CONCLUSION ....................................................................................................... 8

Pursuant to the Court's Standing Order for Civil Cases § III.C.3 and Civil Local Rule 83.3(g), Plaintiff Smith Interface files this *ex parte* application respectfully requesting an order: (1) setting Smith Interface's initial claim election to July 15, 60 days after the Court's Order Granting in Part Apple's Motion for Claim Narrowing (ECF No. 73, "Order"), to provide Smith Interface time to perform an analysis to select 200 claims, and (2) delaying Apple's invalidity contention deadline by the same period to maintain the relief granted to Apple in the Order.

## I.   INTRODUCTION

On May 16, 2024, the Court granted in part Apple's request for claim narrowing and ordered a "[f]irst claim election of no more than 200 total claims when Plaintiff Smith serves its Disclosure of Asserted Claims and Infringement Contentions pursuant to Patent Local Rule 3.1." Order at 9. This May 16 Order was Smith Interface's first notice that it would be required to elect 200 claims. The current deadline for Smith Interface's Patent Local Rule 3.1 Disclosures is May 29. Smith Interface agreed that it would not seek to delay disclosing its contentions based on a move in ENE date—and Smith Interface remains prepared to serve its no more than 588 charted claims on that day. However, the Court's May 16 Order imposes a new task of electing 200 claims with **only thirteen days'** notice, including the intervening Memorial Day holiday, from the Court's May 16 Order to May 29.

The now-ordered election of 200 claims is fundamentally different than the previously-offered election of up to 588 claims because Smith Interface could select 588 claims merely by forgoing claims of similar scope of different claim types (i.e., apparatus, method, computer readable medium). As discussed in detail below, 200 claims is far below the number of already charted unique claims of just one claim type and, thus, to make meaningful decisions in electing 200 claims, Smith Interface must conduct a time-consuming analytical exercise analyzing all known prior art and speculating on how Apple may seek to apply that art. As a practical matter, the exercise cannot be effectively accomplished in a thirteen-day period and is, thus,

highly prejudicial to Smith Interface. Demonstrating the impractical nature of the task, the Order provides Smith Interface 60 days after receipt of Apple's invalidity contentions to perform its second claim election. Order at 9. In that case, Smith Interface will be *informed* with Apple's specific contentions of where each claim element is found in the prior art. The task of making *uninformed* decisions by studying known art and speculating on how Apple may apply that art would take at least as long. The Order's analysis concludes that the number of claims, 200 claims, "still giv[es] Smith a great amount of flexibility in choosing its strongest claims to assert in this action." *Id.* at 8. But because a thirteen day period does not provide Smith Interface time to take into account known prior art in choosing claims, absent relief Smith Interface is unable to accomplish what the Court intended.

Respectfully, it is not necessary for the Court to impose a thirteen-day deadline on Smith Interface to maintain the relief granted to Apple and fully satisfy the Court's concern of "the burden on Apple to expend resources preparing invalidity contentions addressing claims." *Id.* The Court may provide Smith Interface 60 days from the Court's Order (until July 15)—the same period already provided for the second election—to perform an analysis and elect 200 claims without changing the relief granted to Apple as its deadline to serve invalidity contentions would not begin running until after that election. This may be accomplished either by: (a) resetting Smith Interface's Patent Local Rule 3.1 deadline to July 15; or (b) permitting Smith Interface to satisfy Patent Local Rule 3.1 by serving its already complete infringement charts of up to 588 claims on May 29 and then its election on July 15, with Apple's deadline to serve invalidity contentions calculated from July 15.

In the meet and confer process Apple opposed, stating "we view this as Smith's latest attempt to run out the clock on Apple's IPR petitions before Smith makes its first claim election." Ex. A at 1. But the Order does not address the timing of Smith Interface's claim election relative to Apple's IPR deadline. The Order's analysis focuses on the burden of invalidity contention drafting (*see* Order at 8), which Smith

Interface's proposal addresses. The Order addresses Apple's IPR argument only in a footnote and then without approving of it, but rather quoting another court's holding that IPRs are "not a proper factor." *See id.* at 5, n.3, 7-9.

Here, there is good cause to delay Smith Interface's initial claim election date to reduce the prejudice to Smith Interface. Doing so maintains the relief granted to Apple of an election before its invalidity contentions are due. That reducing the prejudice to Smith Interface ***in this Action*** may impact Apple's IPR strategy is not a legitimate basis to deny Smith Interface's requested relief. Accordingly, Smith Interface respectfully requests an order confirming that Smith Interface may serve its initial election of 200 claims on July 15.

## II. ARGUMENT

### A. Respectfully, Thirteen Days is Insufficient to Perform the Substantial Analytical Exercise Needed to Elect 200 Claims From Among the Claims Apple Infringes

Smith Interface has identified 895 claims of the Asserted Patents that Apple infringes. Leventhal Dec. at ¶ 2. The only prominent overlap among these 865 claims is, in some instances, it includes a first claim of one type (i.e., apparatus/device) and a second claim of similar scope of another claim type (i.e., computer readable medium). The election of 588 claims or less Smith Interface previously offered (ECF No. 84 at 20) can be accomplished based on this overlap and electing a claim of one claim type and not a corresponding claim of another type. Leventhal Dec. at ¶ 3. However, electing only 200 claims from among the identified 895 claims is ***fundamentally different*** because it cannot be accomplished solely by electing a claim of one claim type and not a corresponding claim of another type. *Id.* at ¶ 4.

Smith Interface has identified 461 claims of a single type (apparatus/device) that Apple infringes. *Id.* None of these claims can be removed as duplicative of another claim that differs primarily in claim type. *Id.* Rather, Smith Interface must

evaluate the merits of each claim relative to other claims in view of known information to select among these claims. *Id.* Evaluating each of the 461 unique apparatus/device claims against each known piece of prior art is a substantial time-consuming analytical undertaking that takes more than the thirteen days (including a three-day holiday weekend) currently allocated to complete properly. *Id.* at ¶ 5. Smith Interface must evaluate each of these 461 claims against known prior art to rank, evaluate, and ultimately identify less than half of these claims. *Id.*

Apple did not dispute in prior briefing that Smith Interface is entitled to take into account the comparative relevance of identified prior art in electing among infringed claims. *See* ECF No. 87 at 4. Rather, it argued that Smith Interface could do so without Apple's invalidity contentions because it could instead study "***voluminous*** invalidity contentions from Samsung" to identify "likely invalidity issues." *Id.* Apple's comment acknowledges the substantial scope of the task before Smith Interface, but undersells the time-consuming difficult task. Reviewing Samsung claim charts is only part of the process. Many of those 461 charted claims do not overlap with claims asserted against Samsung—only five of the ten patents overlap; and for each overlapping patent Smith Interface has identified claims that Apple infringes that it did not assert against Samsung. Leventhal Dec. at ¶ 5. For those claims, Smith Interface does not have invalidity charts as a guide, but must study the references in detail and speculate how Apple may assert them. *Id.* Further, while sharing a common specification, the claims of the Asserted Patents are directed to different subject matter as demonstrated by the Patent Office identifying different relevant prior art. *See* ECF No. 84 at 4-6. Thus, election of claims from each of the 10 Asserted Patents requires a separate analysis addressing different prior art. Leventhal Dec. at ¶ 6.

Should Smith Interface be forced to proceed under the current schedule, it could not conduct a proper and thorough analysis. *Id.* at ¶ 7. The inadequacy of a thirteen day period can be seen relative to other periods. For example, the Order sets

the second claim election "60 days after service of invalidity contentions." Order at 9. The second election is more focused: Smith Interface will have the benefit of Apple's invalidity claim charts disclosing Apple's best argument on all prior art it may rely upon and make *informed* choices based on that review. As discussed above, the task of analyzing known prior art and speculating on how Apple may map that prior art to make *un-informed* choices requires more analysis and would take at least as long as making *informed* choices. Yet, absent relief from the Court, Smith Interface has been ordered to do so in less than a quarter of the time.

### B. Permitting Smith Interface Sufficient Time to Consider Claim Election is Consistent with the Court's Order

The Order held: "Limiting Smith to 200 claims at the initial infringement contentions stage of this case alleviates the burden on Apple to expend resources preparing invalidity contentions addressing claims that will never be tried while also minimizing any potential prejudice to Smith by still giving Smith a great amount of flexibility in choosing its strongest claims to assert in this action." Order at 8. While the Order states it intended to "giv[e] Smith a great amount of flexibility in choosing its strongest claims," the current timing, respectfully, does not do so and is highly prejudicial.[1] As discussed in Section II.A, above, the **thirteen days** from the Order[2] to May 29 is not sufficient for Smith Interface to conduct a thorough analysis of "***voluminous*** invalidity contentions from Samsung" and other known prior art and use that analysis to select claims. Smith Interface thus, respectfully requests that the

---

[1] While Smith Interface respectfully maintains that it is also separately prejudiced by any election prior to Apple's invalidity contentions, Smith Interface understands the Court's ruling and is not seeking to re-litigate the Court's ruling in this paper.

[2] To the extent Apple argues that Smith Interface should have conducted an analysis prior to the May 16 Order, this does not reflect reality. The relief the Court granted of a pre-contention election of 200 claims is not the same as the 50 claims that Apple requested and which the Court recognized as "too narrow" (Order at 8), which would have required different analysis. Thus, the first time Smith Interface became aware of its task was the afternoon of May 16.

date for Smith Interface's election be set 60 days from the Court's Order so that Smith Interface may conduct a thorough analysis to select claims.

Smith Interface's requested relief is particularly justified because it does **not** modify the relief granted to Apple in any way. Smith Interface understands that the Court has ordered a claim election prior to Apple's invalidity contentions, and, reserving all rights, it does not seek to re-litigate the Court's holding. Whether by simply resetting the Patent Local Rule 3.1 deadline or calculating Apple's invalidity contention deadline from a later claim election deadline, Apple will still receive precisely the relief the Court granted.[3]

During the meet and confer process, Apple pointed not to any impingement on the relief granted, but instead argued that a delay impacted its IPRs. Ex. A at 1. The Order does not address the timing of Smith Interface's claim election relative to Apple's IPR deadline. *See* Order at 8. The Order addresses Apple's IPR argument only in a footnote and without approving of it. *See id.* at 5, n.3. Indeed, Apple did not defend its IPR justification in its Reply brief in prior briefing. *See* ECF No. 87. To the extent there is a conflict between the prejudice Smith Interface faces **in this Civil Action** and Apple's desires in an administrative proceeding, prejudice in this Civil Action should govern. This is especially true here where any conflict is due to Apple's delay in initially seeking relief. *See* ECF No. 83 at 1 (holding "Plaintiff is

---

[3] During the meet and confer process, Apple asserted that Smith Interface's request should be addressed under the standard at page 9 of the Order: "Upon a showing of diligence, and with due consideration for prejudice, a Party may seek to modify this Order for good cause shown." But the Order does not say that Smith Interface's election should be on May 29. Order at 9. Rather, it specifies "**when** Plaintiff Smith serves its Disclosure of Asserted Claims and Infringement Contentions pursuant to Patent Local Rule 3.1." Smith Interface is requesting to reset that deadline, which is not addressed in the Order. Regardless, the standard is met. Smith Interface is filing this *ex parte* application within three business days of the Court's order after completing the meet and confer process, demonstrating diligence. The relief also gives "due consideration for prejudice" as described above—it alleviates prejudice on Smith Interface and maintains the election before Apple's invalidity contentions.

correct that Apple is not without fault in creating the need for an expedited hearing and briefing schedule").

Apple also asserted during the meet and confer process that Smith Interface's request is contrary to its prior agreement to serve its Patent Local Rule 3.1 Disclosures on May 29. As part of seeking a move of the then-scheduled ENE date to accommodate attorney unavailability, Smith Interface previously agreed that it would not argue that its Patent Local Rule 3.1 should be delayed if the then-scheduled ENE date was moved and would, thus, serve its Patent Local Rule 3.1 Disclosures by May 29. *See* ECF No. 72 at 2. Here, Smith Interface is not seeking to violate that agreement and move the deadline based on ENE scheduling. Rather, Smith Interface is seeking to address the new deadline imposed by the Order on May 16 that Smith Interface elect 200 claims at the same time as serving its Patent Local Rule 3.1 Disclosures. Smith Interface believes this is most simply addressed by moving the Patent Local Rule 3.1 Disclosure deadline to 60 days from the Order. Nevertheless, to accommodate Apple's concerns, Smith Interface also offered, as it committed previously, to serve Patent Local Rule 3.1 disclosures asserting no more than 588 claims on May 29 and then serve an election on July 15 before Apple's "clock" would begin to run. Leventhal Dec. at ¶ 8. Again, this ensures that Apple receives the relief granted under the Order of reducing its burden to draft invalidity contentions. *See* Order at 8. That Apple declined this offer confirms that it is not concerned with invalidity contentions, but instead seeks a windfall on coincidental timing relative to its IPR filings to the detriment of Smith Interface in this Action.

### C.    This Application Meets the Standard for *Ex Parte* Relief

"A proper *ex parte* motion must 'address . . . why the regular noticed motion procedures must be bypassed,' i.e., it must show why the moving party should be allowed to go to the head of the line in front of all other litigants and receive special treatment." *Raiser v. United States Dist. Ct. for S. Dist. of Cal.*, No 20-cv-1490 TWR-

AGS, 2021 WL 4895220, at *1 (S.D. Cal. Sept. 28, 2021) (quoting *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995)).

Here, Smith Interface will be irreparably prejudiced if the underlying motion is heard according to regular motion procedures. Smith Interface's current Patent Local Rule 3.1 deadline is May 29, 2024. Regular noticed motion procedures require a minimum of 28 days prior to any noticed hearing date so that "the parties and the Court [have] sufficient time to brief and prepare for oral argument." Standing Order for Civil Cases § III.B.2. Thus, given the current May 29, 2024 deadline, the regular noticed motion procedures are inadequate.

Under the current case schedule, the Order mandates that Smith Interface must elect 200 claims on May 29 and may only bring those non-elected claims back into the case "upon a showing of 'good cause' that the non-selected claims present unique issues of infringement or invalidity." *See* Order at 3, 9 (citations omitted). Thus, Smith will be irreparably harmed by potentially losing the right, absent a showing of good cause, to assert a non-elected claim made in an election on May 29 absent intervention from the Court to address Smith Interface's request to move that May 29 election date.

Finally, Smith Interface has complied with Civil Local Rule 83.3(g). Counsel for Smith Interface informed counsel for Apple by e-mail on May 18, 2024 and via telephonic meet and confer on May 20, 2024, that Smith Interface would be filing this *ex parte* application. Leventhal Dec. at ¶ 9. Counsel for Apple confirmed that it opposes the requested relief. *Id.*

### III.  CONCLUSION

For the reasons above, Smith Interface respectfully requests that the Court set Smith Interface's deadline to serve its Patent Local Rule 3.1 and 3.2 Disclosures to July 15.

| | | |
|---|---|---|
| 1 | Dated: May 21, 2024 | Respectfully submitted, |
| 2 | | /s/ *Daniel S. Leventhal* |
| 3 | | BRIAN A. SUN |
| 4 | | (CA SBN 89410)<br>**NORTON ROSE FULBRIGHT US LLP** |
| 5 | | 555 South Flower Street<br>Forty-First Floor |
| 6 | | Los Angeles, California 90071<br>Telephone: (213) 892-9222 |
| 7 | | brian.sun@nortonrosefulbright.com |
| 8 | | BRETT C. GOVETT (*pro hac vice*)<br>(TX SBN 08235900) |
| 9 | | VLADA A. WENDEL (*pro hac vice*)<br>(TX SBN 24131751) |
| 10 | | **NORTON ROSE FULBRIGHT US LLP**<br>2200 Ross Avenue, Suite 3600 |
| 11 | | Dallas, Texas 75201<br>Telephone: (214) 855-8000 |
| 12 | | brett.govett@nortonrosefulbright.com<br>vlada.wendel@nortonrosefulbright.com |
| 13 | | DANIEL S. LEVENTHAL (*pro hac vice*) |
| 14 | | (TX SBN 24050923)<br>**NORTON ROSE FULBRIGHT US LLP** |
| 15 | | 1301 McKinney, Suite 5100<br>Houston, Texas 77010-3095 |
| 16 | | Telephone: (713) 651-5151<br>daniel.leventhal@nortonrosefulbright.com |
| 17 | | STEPHANIE N. DEBROW (*pro hac vice*) |
| 18 | | (TX SBN 24074119)<br>DANIEL S. SHUMINER (*pro hac vice*) |
| 19 | | (TX SBN 24124688)<br>**NORTON ROSE FULBRIGHT US LLP** |
| 20 | | 98 San Jacinto Boulevard, Suite 1100<br>Austin, Texas 78701 |
| 21 | | Telephone: (512) 563-3094<br>stephanie.debrow@nortonrosefulbright.com |
| 22 | | daniel.shuminer@nortonrosefulbright.com |
| 23 | | BRIAN BUSS (*pro hac vice*) |
| 24 | | (TX SBN 00798089) |
| 25 | | MICHAEL BENEFIELD (*pro hac vice*)<br>(TX SBN 24073408) |
| 26 | | **Buss & Benefield, PLLC**<br>8202 Two Coves Drive |
| 27 | | Austin, Texas 78730 |
| 28 | | Telephone: (512) 619-4451<br>brian@bussbenefield.com |

***EX PARTE* APPLICATION TO ADJUST CLAIM ELECTION DEADLINE**

michael@bussbenefield.com

*Counsel for Plaintiff Smith Interface Technologies, LLC*