Brian A. Sun
(CA SBN 89410)
**NORTON ROSE FULBRIGHT US LLP**
555 South Flower Street
Forty-First Floor
Los Angeles, CA 90071
Telephone: (213) 892-9200
brian.sun@nortonrosefulbright.com

Brett C. Govett (*pro hac vice*)
(TX SBN 08235900)
**NORTON ROSE FULBRIGHT US LLP**
2200 Ross Avenue, Suite 3600
Dallas, Texas 75201
Telephone: (214) 855-8000
brett.govett@nortonrosefulbright.com

Daniel S. Leventhal (*pro hac vice*)
(TX SBN 24050923)
**NORTON ROSE FULBRIGHT US LLP**
1301 McKinney, Suite 5100
Houston, Texas 77010
Telephone: (713) 651-5151
daniel.leventhal@nortonrosefulbright.com

*Counsel for Plaintiff Smith Interface Technologies, LLC*

*[Additional counsel listed on signature page]*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SMITH INTERFACE TECHNOLOGIES, LLC,<br><br>　　Plaintiff,<br><br>v.<br><br>APPLE INC.,<br><br>　　Defendant. | Case No. 3:23-cv-1187-TWR-DTF<br><br>**PLAINTIFF SMITH INTERFACE TECHNOLOGIES, LLC'S NOTICE OF MOTION AND MOTION TO AMEND THE SCHEDULING ORDER**<br><br>Judge:　Hon. Todd W. Robinson<br>Date:　September 19, 2024<br>Time:　1:30 pm<br>Ctrm:　14A, 14th Fl. |

| | |
|---|---|
| 1 | TO ALL PARTIES AND THEIR COUNSEL OF RECORD: |
| 2 | PLEASE TAKE NOTICE THAT on September 19, 2024 at 1:30 pm, or as |
| 3 | soon thereafter as the matter may be heard in the Courtroom of the Honorable Todd |
| 4 | W. Robinson of the above-titled Court, located at the James M. Carter and Judith N. |
| 5 | Keep Courthouse, 333 W. Broadway, San Diego, CA 92101, in response to the |
| 6 | Court's request at the July 17, 2024 Hearing (Ex. A at 14:6-14), Plaintiff Smith |
| 7 | Interface Technologies, LLC ("Smith Interface") will and hereby respectfully moves |
| 8 | the Court to accelerate the trial schedule and related pretrial deadlines set forth in the |
| 9 | Court's June 20, 2024 Case Management Order Regulating Discovery and Other |
| 10 | Pretrial Proceedings in a Patent Case (ECF No. 102) ("Scheduling Order"). Pursuant |
| 11 | to Section III.A.1 of this Court's Standing Order for Civil Cases, counsel for Smith |
| 12 | Interface and Defendant Apple Inc. ("Apple") met and conferred in good faith to |
| 13 | attempt to resolve this issue, and Apple confirmed it opposes this motion. |
| 14 | Smith Interface's motion is made pursuant to Civil Local Rule 7.1 and Federal |
| 15 | Rules of Civil Procedure 1 and 16 to address the inefficiencies, misrepresentations, |
| 16 | and strategic delays imposed by Apple, while ensuring a fair, just, and timely |
| 17 | resolution of this litigation. This motion is based on this Notice of Motion, the |
| 18 | Memorandum of Points and Authorities and supporting declaration filed and served |
| 19 | herewith, any reply papers submitted in support of this motion, the complete records |
| 20 | and files of this action, and any argument or additional evidence permitted by the |
| 21 | Court. |

| | | |
|---|---|---|
| 1 | Dated: July 26, 2024 | Respectfully Submitted, |
| 2 | | By: /s/ *Brett C. Govett* |
| 3 | | BRIAN A. SUN |
| | | (CA SBN 89410) |
| 4 | | **NORTON ROSE FULBRIGHT US LLP** |
| | | 555 South Flower Street |
| 5 | | Forty-First Floor |
| | | Los Angeles, California 90071 |
| 6 | | Telephone: (213) 892-9222 |
| | | brian.sun@nortonrosefulbright.com |

BRETT C. GOVETT (*pro hac vice*)
(TX SBN 08235900)
VLADA A. WENDEL (*pro hac vice*)
(TX SBN 24131751)
**NORTON ROSE FULBRIGHT US LLP**
2200 Ross Avenue, Suite 3600
Dallas, Texas 75201
Telephone: (214) 855-8000
brett.govett@nortonrosefulbright.com
vlada.wendel@nortonrosefulbright.com

DANIEL S. LEVENTHAL (*pro hac vice*)
(TX SBN 24050923)
**NORTON ROSE FULBRIGHT US LLP**
1301 McKinney, Suite 5100
Houston, Texas 77010-3095
Telephone: (713) 651-5151
daniel.leventhal@nortonrosefulbright.com

JOHN P. POULOS (*pro hac vice*)
(IL SBN 6324517)
**NORTON ROSE FULBRIGHT US LLP**
1045 W. Fulton Market, Suite 1200
Chicago, Illinois 60607
Telephone: (312) 964-7766
john.poulos@nortonrosefulbright.com

*Counsel for Plaintiff Smith Interface Technologies, LLC*

Brian A. Sun
(CA SBN 89410)
**NORTON ROSE FULBRIGHT US LLP**
555 South Flower Street
Forty-First Floor
Los Angeles, CA 90071
Telephone: (213) 892-9200
brian.sun@nortonrosefulbright.com

Brett C. Govett (*pro hac vice*)
(TX SBN 08235900)
**NORTON ROSE FULBRIGHT US LLP**
2200 Ross Avenue, Suite 3600
Dallas, Texas 75201
Telephone: (214) 855-8000
brett.govett@nortonrosefulbright.com

Daniel S. Leventhal (*pro hac vice*)
(TX SBN 24050923)
**NORTON ROSE FULBRIGHT US LLP**
1301 McKinney, Suite 5100
Houston, Texas 77010
Telephone: (713) 651-5151
daniel.leventhal@nortonrosefulbright.com

*Counsel for Plaintiff Smith Interface Technologies, LLC*

[Additional counsel listed on signature page]

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SMITH INTERFACE TECHNOLOGIES, LLC,<br><br>       Plaintiff,<br><br>v.<br><br>APPLE INC.,<br><br>       Defendant. | Case No. 3:23-cv-1187-TWR-DTF<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF SMITH INTERFACE TECHNOLOGIES, LLC'S MOTION TO AMEND THE SCHEDULING ORDER**<br><br>Judge:   Hon. Todd W. Robinson<br>Date:    September 19, 2024<br>Time:    1:30 pm<br>Ctrm:    14A, 14th Fl. |

## I.  INTRODUCTION

After successfully arguing to the Court that it should impose limits on the number of Smith Interface's asserted claims, Apple filed petitions for *Inter Partes* Review ("IPR") on hundreds of additional claims—well in excess of the claim limit Smith Interface is allowed by Court's Claim Narrowing Order.  ECF No. 105.  Apple's litigation strategy is now abundantly ***clear***:  establish a basis to oppose Smith Interface's desire for a speedy hearing on the merits of its claims and to ultimately seek a stay of these proceedings due to its voluminous IPR filings.  Hence, Smith Interface seeks redress from these calculated acts by asking the Court to amend its Scheduling Order.

Specifically, Apple filed two *Ex Parte* Applications and a motion for claim narrowing, urging the Court to narrow the claims to avoid filing invalidity contentions and IPRs on "**hundreds of patent claims that will never be tried**."  Apple repeatedly emphasized that the familial relationship across the Asserted Patents was an indication of similar subject matter that justified a proposal of limiting Smith Interface to 50 asserted claims.

Despite obtaining relief from the Court based on these representations, Apple proceeded to file IPRs on hundreds of claims—well above Smith Interface's limit of 200 elected claims and including **186 claims that** Smith Interface did not include in its Court ordered 200 claim election—using eight distinct primary prior art references.  The resources Apple pleaded the Court not to force it to "waste" were expended in Apple's IPRs challenging hundreds of claims of the Asserted Patents.  Now, the parties will have to litigate hundreds of claims in Apple's venue of choice— the Patent Office.  Apple's use of eight distinct primary references in its IPRs demonstrates Apple knew that each Asserted Patent presents unique questions of validity, directly contradicting its representations to the Court.  **Apple's plan, months in the making, was premeditated—limit Smith Interface, leverage the Patent Office, and seek a stay**.

Apple's attempt to derail the litigation in an effort to seek a stay underscores the need for a prompt judicial resolution to prevent undue prejudice and ensure judicial efficiency. Smith Interface therefore proposes adjustments of several post-*Markman* deadlines, none of which involve shortening a period for Court consideration of a submission, to bring the schedule in line with the expectations under the Patent Local Rules. *See* Pat. L.R. 2.1(a)(3). Apple elected not to challenge all the asserted claims of the '754 Patent, and as a result, at least a portion of this case cannot be resolved by IPRs. Nor can Apple fix this hole by challenging the remaining claims in the different and slower "*ex parte* reexamination" process as it asserts it plans to do. ECF No. 105 at 2. Apple's filings will take **years** to sort out. *See* Ex. E (Anticipated Timeline).

Further, Apple's choice to use different primary references to challenge each of eight Asserted Patents means the PTAB will be separately evaluating the merits of each of those different challenges. Because Apple must convince the PTAB of the merits of at least eight different arguments to obtain institution of all Asserted Patents, the statistical likelihood is that the PTAB declines to institute challenges to at least a portion of the Asserted Patents.

Given Apple's conduct, appropriate relief is warranted. While the most logical remedy to Apple's misrepresentations would be to revisit the claim narrowing relief granted to Apple, Smith Interface recognizes the Court's desire to narrow claims and does not seek to revisit it. Moreover, the substantial phased claim limiting that Smith Interface proposed and the Court adopted substantially streamlines the case, further supporting the prompt judicial resolution. Accordingly, Smith Interface seeks a schedule adjustment that benefits all parties by reducing the time to trial and thus the fees and resources expended. Smith Interface further respectfully requests for the Court to consider Apple's conduct in its discretion to stay proceedings when deciding on Apple's anticipated motion for a pre-institution stay.

## II. BACKGROUND

### A. Apple's IPR Deadline

Apple filed an *Ex Parte* Application on March 18, 2024, requesting the Court to enter an order limiting Smith Interface to 50 asserted claims across the Asserted Patents when Smith Interface served its Disclosure of Asserted Claims and Infringement Contentions pursuant to Patent Local Rule 3.1.  ECF No. 64 at 5.

At the outset, Apple made its intentions **clear** in its *Ex Parte* Application that Apple's one-year deadline to file IPRs was drawing near on June 28, 2024, and without a claim narrowing, filing "[s]uch overly broad IPR petitions would be inefficient and a waste of both party and Patent Office resources when IPRs are intended to streamline or eliminate disputes for trial." *Id*. at 1.

At that time, Smith Interface indicated support not for Apple's proposal, but for an efficient schedule for later claim narrowing that the Court largely adopted. This resulted in no more than 32 asserted claims remaining in the case by the end of November—*four months* from now.  *Id.*; ECF No. 69 at 7; ECF No. 90 at 9.

### B. Apple's Claim Narrowing Motion

Apple filed its Memorandum of Points and Authorities in Support of Motion for Claim Narrowing on April 1, 2024.  ECF No. 73-1.  In this motion, Apple sought to limit Smith to 50 Asserted Patent Claims arguing that:

> unless the Court intervenes, Apple will **be forced to expend resources** preparing invalidity contentions on potentially 1,110 claims, the parties and the Court will needlessly expend resources litigating hundreds of patent claims that will never be tried, and Apple will **be faced with preparing IPR petitions challenging** as many as 1,110 claims before its June 2024 statutory IPR deadline.  Such **overly broad infringement contentions, invalidity contentions and IPR petitions** would be inefficient and a waste of the Court's, the parties' and the Patent Office's resources when the Patent Local Rules and IPRs are intended to streamline or eliminate disputes for trial.

*Id*. at 2.[1]

---

[1] All emphasis added unless otherwise indicated.

  Apple further represented to the Court that "Limiting the asserted claims to 50 at this stage will not prejudice Smith because Smith acknowledges its ten asserted patents 'are related and share a common specification. . . .'" *Id*. at 5 quoting ECF No. 50 at 2.

  Because it was the eleventh hour for Apple's IPR deadline, also on April 1, 2024, Apple filed an *Ex Parte* Application to Shorten Briefing Time on Motion for Claim Narrowing. ECF No. 74. Apple argued the purported prejudice in this document stating claim narrowing was necessary "to avoid prejudice to Apple," and stating that if the dispute is not "resolved before Smith serves it infringement contentions, **Apple will be prejudiced by having to prepare invalidity contentions on potentially hundreds of asserted claims and to prepare IPR petitions on those claims by the June 2024 statutory IPR deadline**." *Id*. at 2-3.

  On April 25, 2024, Smith Interface responded by (1) restating its proposed claim and prior art narrowing schedule, which allows for informed decisions on claim elections, and (2) countering Apple's representations by outlining how the Asserted Patents cover "***different*** subject matter." ECF No. 84 at 3-7 (emphasis original). Smith Interface emphasized "that the same invalidity mappings . . . ***will not apply to all claims that Apple infringes***." *Id.* at 7.

  On May 2, 2024, Apple filed its Reply in Support of its Motion for Claim Narrowing. It argued "Absent Claim Narrowing, Apple Will Suffer Prejudice And The Court Will Be Burdened" further stating "Smith's arguments that Apple will not be prejudiced and the Court will not be impacted by Smith's assertion of 588 claims all ring hollow." ECF No. 87 at 5. Apple further emphasized that the Asserted Patents "are related and share a common specification" to argue pre-contention claim limiting was appropriate. *Id.* at 3-4.

  The Court held an in-person hearing on May 9, 2024, for Apple's Motion for Claim Narrowing. At the hearing, Smith Interface committed to narrowing the asserted claims to 588. Ex. B (May 9, 2024 Hearing Transcript) at 7:19-25. In

response, arguing for further claim narrowing, Apple represented to the Court that the asserted claims are overlapping, duplicative, and all relate to the same general concept of gesture-based touch screen user interfaces. *Id*. at 10:18-11:17; 17:10-18:12.

### C. Claim Narrowing Order

On May 16, 2024, the Court entered an "Order Granting In Part Defendant's Motion For Claim Narrowing" limiting Smith's infringement contentions to 200 claims from the 10 asserted patents and imposing further cutdowns similar to what Smith Interface proposed to the Court. ECF No. 91 ("Claim Narrowing Order") at 9-10. In support of its decision, the Court stated that "Given the sheer number of claims at issue in this case and the fact that the Asserted Patents are all related to each other, the Court finds that a claim narrowing order is appropriate here." *Id*. at 6. The Court acknowledged the evidence Smith Interface had provided that the Asserted Patents covered different subject matter, but sided with Apple on that disputed issue, stating that even assuming "claim sets of the Asserted Patents are directed to different subject matter and cover different features and functionality," "that does ***not*** mean that they necessarily present ***different questions of validity*** or infringement." *Id*. at 6, n. 5 (internal quotation omitted). The Court concluded that "[l]imiting Smith to 200 claims at the initial infringement contentions stage of this case alleviates the burden on Apple to expend resources preparing invalidity contentions addressing claims that will never be tried while also minimizing any potential prejudice to Smith by still giving Smith a great amount of flexibility in choosing its strongest claims to assert in this action." *Id.* at 8.

### D. Apple's IPRs

Between June 26 and 28, 2024, Apple filed 15 IPR petitions at the Patent Office seeking review of 308 claims on 9 of the 10 Asserted Patents. ECF No. 105. The IPR deadline for the 10th Asserted Patent is August 29, 2024. Apple filed 7 IPR petitions for the '754 Patent alone. *Id*. Despite representing to the Court that it

needed Smith Interface's claim election before its IPRs, Apple challenged *186* claims not found in Smith Interface's 200 claim election.

As detailed in Exhibit C, Apple described the subject matter of each Asserted Patent differently to the PTAB and elected only *once* to use the same primary reference to challenge more than one Asserted Patent. *See* Exhibit C (summarizing Apple's descriptions of the Asserted Patents and the primary prior art references Apple used in its IPR petitions). Exhibit C demonstrates that Apple *itself* knew that there were different questions of validity for each Asserted Patent, despite seeking a claim narrowing order by representing to the Court that the Asserted Patents were duplicative and shared similar subject matter based on a shared specification. Apple employed two different experts to challenge different subsets of Asserted Patents.

Moreover, Exhibit D summarizes that for the majority of Asserted Patents, Apple's most simple and primary ground asks the PTAB to accept a three-reference prior art obviousness combination (and different combinations for each Asserted Patent). The PTAB will need to independently evaluate the strength of each such assertion, raising the statistical likelihood that the PTAB declines to institute challenges to one or more Asserted Patent.[2] Accordingly, in addition to the unchallenged claims of the '754 Patent that will be left unresolved by the IPRs, Apple's choice to raise different challenges against eight Asserted Patents both confirms the inaccuracy of Apple's prior representations and increases the chance that many more claims will be left unresolved by instituted IPRs.

The PTAB will make institution decisions on each IPR petition within six months of a Notice of Filing Date Accorded, the earliest of which Apple received on

---

[2] If events are independent (*e.g.* decisions to institute or later cancel claims for IPR proceedings) the probability of both events occurring is the product of the probabilities.
https://math.libretexts.org/Courses/Fullerton_College/Math_100%3A_Liberal_Arts_Math_%28Claassen_and_Ikeda%29/06%3A_Probability/6.03%3A_Independent_Events_and_Conditional_Probabilities

July 18, 2024, with the majority not yet issued. This means the first institution decision will be due January 18, 2025.[3] Should the PTAB institute trial on any petition, by statute, a Final Written Decision is due within 12 months—January 18, 2026 at the earliest. 35 U.S.C. § 316(a)(11). Thus, any Final Written Decision will be due several months after the final pretrial conference currently set in this Action.

### E. Apple's *Ex Parte* Reexaminations

On July 23, 2024, Apple indicated that it "intends to file one or more petitions for ex parte reexamination on additional asserted claims of U.S. Patent No. 10,656,754 which were not included in the six [sic] IPR petitions." ECF No. 105 at 2. Unlike IPRs in which timing of institution decisions and final written decisions follow strict statutory time limits, *ex parte* reexaminations are conducted with "special dispatch" but no fixed deadlines. As a sister court summarized, if granted, *ex parte* reexamination includes several rounds of patent prosecution in which the examiner faces no specific deadlines to act. *See Videoshare, LLC v. Meta Platforms Inc.*, 2022 U.S. Dist. LEXIS 139421, *5-*6, No. 6-21-CV-00254-ADA (W.D. Tex. Aug. 5, 2022) (noting the examiner taking more than six months to issue an initial non-final office action). Should the examiner issue a final adverse decision after these rounds of prosecution, the patent owner may file an appeal brief after which the examiner, again with no deadline, "may file an answer, file no answer, or reopen prosecution." *See id.* If the examiner files an answer, the patent owner may then file a reply—at which point the PTAB would then take up the case in the first instance. *See id.* The USPTO has reported that on average from filing to issuance of a reexamination certificate takes 25.2 months.[4] This average includes reexaminations

---

[3] The PTAB requires filing of Preliminary Patent Owner Responses within three months of a Notice of Filing Date Accorded, with an institution decision due three months later by statute. 35 U.S.C. 314(b); *see also* https://www.uspto.gov/patents/ptab/trials/aia-trial-types

[4] https://www.uspto.gov/sites/default/files/documents/ex_parte_historical_stats_.pdf

1  in which the examiner, at an early stage, elected to terminate the proceeding and
2  confirm claims, meaning a proceeding adverse to the patent owner proceeding
3  through all stages is likely to last well in excess of that average. *See, e.g.*, *Signal IP,*
4  *Inc. v. Volkswagen Grp. Of Am., Inc.*, 2015 U.S. Dist. LEXIS 135886, *3-*4 No. 14-
5  3113-JAK (C.D. Cal. May 26, 2015) (contrasting timeframe for *ex parte*
6  reexaminations terminating without appeal to the PTAB with the significantly longer
7  timeframe for cases that are appealed to the PTAB). Under the Patent Office's
8  reported 25.2 month average from filing date to certificate issue date, that issue date
9  would be almost a year after the currently-scheduled final pretrial conference.

## III. LEGAL STANDARD

Fed. R. Civ. P. 16 requires "good cause" and "the judge's consent" to modify a scheduling order. *Sharp v. Covenant Care LLC*, 288 F.R.D. 465, 467 (S.D. Cal. 2012) quoting Fed. R. Civ. P. 16(b)(4). The "'good cause' standard primarily considers the diligence of the party seeking the amendment." *Id*. quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). The Ninth Circuit has recognized that "Rule 1 of the Federal Rules of Civil Procedure directs courts and parties to construe and employ the Rules 'to secure the just, speedy, and inexpensive determination' of proceedings." *Kirby as Co-Trustees of William Warner Kirby 2014 Tr. v. AT&T Corp.*, No. 321CV01680BENBGS, 2022 WL 17184565, at *2 (S.D. Cal. Nov. 23, 2022) quoting *In re Apple iPhone Antitrust Litigation*, 846 F.3d 313, 317–18 (9th Cir. 2017).

## IV. MOTION TO AMEND THE SCHEDULING ORDER

Good cause exists to amend the Scheduling Order and accelerate the case given the efficiency of the claim narrowing process and the need to address Apple's tactics to derail this litigation. Apple's lack of transparency about its burden, misrepresentations to the Court, and the significant likelihood of unresolved claims underscore the necessity for a prompt judicial resolution. Recognizing Apple's tactics and supporting an amended Scheduling Order will ensure a fair and expedited

resolution of the case.

*First*, Apple was not transparent about its burden as evidenced by filing IPRs on hundreds of claims. Despite obtaining relief from the Court to narrow the claims, Apple filed IPRs on claims well above Smith Interface's limit of 200 claims, including 186 unelected claims, using eight distinct primary prior art references. Apple pleaded to the Court not to force it to "waste" resources, yet it expended significant resources on these IPRs bearing little relation to the election it urged and was granted. This lack of transparency reveals Apple's true intentions and underscores the need for accelerating the case to address this discrepancy.

*Second*, Apple misrepresented to the Court the justification for claim narrowing by arguing that the asserted claims were duplicative, despite knowing there were unique questions of validity. ECF No. 70 at 2-3; Ex. B at 10:18-11:17; 17:10-18:12. Apple repeatedly emphasized that the familial relationship across the Asserted Patents indicated similar subject matter. But Apple's use of eight distinct primary prior art references in its IPRs demonstrates that the asserted claims encompass distinct inventions, directly contradicting Apple's representations to the Court. *See* Ex. C. This manipulation of procedural and substantive elements of the case reveals a calculated attempt to delay and disrupt the proceedings, thereby exacerbating the prejudicial impact on Smith Interface.

*Third*, Apple did not challenge all Asserted Claims, and its yet-to-be filed *ex parte* reexamination petitions do not timely address that failure. *See* Section II.E, above. Further, Apple's use of different three-way obviousness combinations across several of its IPR petitions provides a strong likelihood that a large part of the case will remain unresolved. *See* Section II.D, above. Following the Court's Claim Narrowing Order, Smith Interface will select no more than 32 asserted claims by the end of November—***roughly 4 months from now***. ECF No. 91 at 9. Apple will receive its earliest institution decision on January 18, 2025. *See* Section II.D, above. In 2023, the institution rate by patent was 72% but only a 27% chance of obtaining a

Final Written Decision finding all challenged claims unpatentable.[5] This means Apple has a **4.39%** chance its IPRs petitions on all ten Asserted Patents will be instituted and 0.0002059% chance of invalidating all challenged claims.[6] And should Apple achieve that highly improbable event, resulting in Final Written Decisions invalidating 308+ claims—***at least 18 months from now***—there would still be at least 10 asserted claims that were not challenged by Apple and would need to be litigated. *See* Section II.D, above.

Under Apple's grand plan, the parties would litigate nearly 300 irrelevant invalidity challenges based solely on printed publications at the Patent Office, receive Final Written Decisions *years* from now, see what claims are left, and resolve other issues of validity and infringement in this case. *Id.* In effect, such an arrangement, to use Apple's words, "will waste . . . the parties' resources litigating hundreds of patent claims that will never be tried." ECF No. 64 at 5. Given this context, it is ***clear*** that amending the schedule to provide a quicker resolution would promote judicial efficiency and conserve the parties' resources.

Considering Apple's conduct and the efficient claim narrowing process already in place, good cause exists to amend the Scheduling Order to remedy Apple's tactics to derail the litigation and to alleviate the burden on Smith Interface. An expedited trial schedule will ensure a just and speedy resolution of this case, aligning with the Federal Rules of Civil Procedure's emphasis on judicial efficiency.

## V.    PROPOSED SCHEDULE

Smith Interface proposes the following schedule post-*Markman*. This proposed schedule brings the timeline closer to the Patent Local Rules for the Southern District of California and emphasizes reductions solely to periods involving

---

[5] https://www.uspto.gov/sites/default/files/documents/ptab_aia_fy2024_q2_roundup.pdf

[6] The probability of achieving all ten independent trials is the percentage to the tenth power.

the parties, not shortening time periods for the Court to receive submissions and act. Local P.R. 2.1(a) ("A trial date within eighteen (18) months of the date the complaint was filed, if practicable, for "standard" cases (defined as typically having one or two defendants and one or two patents); and, within twenty-four (24) months for complex cases, if practicable").

These adjustments are not punitive; rather, they are consistent with many cases Apple has been involved in, ensuring fairness and efficiency for all parties. *See, e.g., Qualcomm Inc. v. Apple Inc.,* Case No. 3:17-cv-1375-DMS-MDD, ECF No. 597 (S.D. Cal. Mar. 15, 2019). By adopting this schedule, the Court can facilitate a timely and efficient resolution, reducing the overall time to trial and minimizing the fees and resources expended by both parties.

| Event Description | Assigned Date (ECF No. 102) | Days Between Dates | Proposed Date | Days Between Dates |
|---|---|---|---|---|
| Complete all Fact Discovery | February 10, 2025 | N/A | February 10, 2025 | |
| Opening Expert Reports | March 3, 2025 | 21 | February 4, 2025 | 7 |
| Rebuttal Expert Reports | April 30, 2025 | 58 | March 4, 2025 | 28 |
| Complete all Discovery | May 28, 2025 | 28 | March 18, 2025 | 14 |
| File Dispositive Motions | June 25, 2025 | 28 | March 25, 2025 | 7 |
| Comply with Pretrial Disclosure | September 25, 2025 | 92 | June 25, 2025 | 92 |

| Event Description | Assigned Date (ECF No. 102) | Days Between Dates | Proposed Date | Days Between Dates |
|---|---|---|---|---|
| requirements | | | | |
| Meet and Confer for Pretrial Order | October 2, 2025 | 7 | July 2, 2025 | 7 |
| Prepare Pretrial Order | October 9, 2025 | 7 | July 9, 2025 | 7 |
| Lodge Pretrial Conference Order | October 16, 2025 | 7 | July 16, 2025 | 7 |
| Final Pretrial Conference | October 23, 2025 | 7 | July 23, 2025 | 7 |

## VI. CONCLUSION

Accordingly, Smith Interface respectfully requests for the Court to amend the Scheduling Order to expedite the pretrial dates for the reasons stated herein, and grant such other relief as the Court deems just and proper.

Dated: July 26, 2024

Respectfully Submitted,

By: /s/ *Brett C. Govett*

BRIAN A. SUN
(CA SBN 89410)
**NORTON ROSE FULBRIGHT US LLP**
555 South Flower Street
Forty-First Floor
Los Angeles, California 90071
Telephone: (213) 892-9222
brian.sun@nortonrosefulbright.com

BRETT C. GOVETT (*pro hac vice*)
(TX SBN 08235900)
VLADA A. WENDEL (*pro hac vice*)
(TX SBN 24131751)

- 13 -   3:23-cv-01187-TWR-DTF

|   |   |
|---|---|
| 1 | **NORTON ROSE FULBRIGHT US LLP** |
| 2 | 2200 Ross Avenue, Suite 3600<br>Dallas, Texas 75201 |
| 3 | Telephone: (214) 855-8000<br>brett.govett@nortonrosefulbright.com |
| 4 | vlada.wendel@nortonrosefulbright.com |
| 5 | DANIEL S. LEVENTHAL (*pro hac vice*)<br>(TX SBN 24050923) |
| 6 | **NORTON ROSE FULBRIGHT US LLP**<br>1301 McKinney, Suite 5100 |
| 7 | Houston, Texas 77010-3095<br>Telephone: (713) 651-5151 |
| 8 | daniel.leventhal@nortonrosefulbright.com |
| 9 | JOHN P. POULOS (*pro hac vice*)<br>(IL SBN 6324517) |
| 10 | **NORTON ROSE FULBRIGHT US LLP**<br>1045 W. Fulton Market, Suite 1200 |
| 11 | Chicago, Illinois 60607<br>Telephone: (312) 964-7766 |
| 12 | john.poulos@nortonrosefulbright.com |
| 13 | *Counsel for Plaintiff Smith Interface Technologies, LLC* |