1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

SMITH INTERFACE
TECHNOLOGIES, LLC,

     Plaintiff,

v.

APPLE INC.,

     Defendant.

Case No. 23-cv-1187-TWR-BJC

**STIPULATED PROTECTIVE ORDER**

District Judge:    Hon. Todd W. Robinson
Magistrate Judge:  Hon. Benjamin J. Cheeks

Having reviewed the parties' proposed Stipulated Protective Order (ECF No. 115), the Court grants the Motion, as submitted by the parties, with the addition of paragraphs 23 and 24.

Plaintiff Smith Interface Technologies, LLC ("Plaintiff") and Defendant Apple Inc. ("Defendant") anticipate that documents, testimony, or information containing or reflecting confidential, proprietary, trade secret, and/or commercially sensitive information are likely to be disclosed or produced during the course of discovery, initial disclosures, and supplemental disclosures in this case and request that the Court enter this Order setting forth the conditions for treating, obtaining, and using such information.

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court finds good cause for the following Agreed Protective Order ("Order" or "Protective Order").

## 1.   PURPOSES AND LIMITATIONS

(a)    Protected Material designated under the terms of this Protective Order shall be used by a Receiving Party solely for this case and shall not be used directly or indirectly for any other purpose whatsoever.

(b)    The Parties acknowledge that this Order does not confer blanket protections on all disclosures during discovery, or in the course of making initial or supplemental disclosures under Rule 26(a).  Designations under this Order shall be made with care and shall not be made absent a good faith belief that the designated material satisfies the criteria set forth below.  If it comes to a Producing Party's attention that designated material does not qualify for protection at all or does not qualify for the level of protection initially asserted, the Producing Party must promptly notify all other Parties that it is withdrawing or changing the designation.

## 2.   DEFINITIONS

(i)    "Discovery Material" means all items or information, including from any non-party, regardless of the medium or manner generated, stored, or maintained

STIPULATED PROTECTIVE ORDER

(including, among other things, testimony, transcripts, or tangible things) that are produced, disclosed, or generated in connection with discovery or Rule 26(a) disclosures in this case.

(ii)    "Outside Counsel" means (i) outside counsel who appear on the pleadings as counsel for a Party and (ii) partners, associates, and staff of such counsel to whom it is reasonably necessary to disclose the information for this litigation.

(iii)    "Patents-in-suit" means U.S. Patent No. 10,642,413, 10,649,578, 10,649,580, 10,656,754, 10,656,755, 10,656,758, 10,671,212, 10,725,581, 10,936,114, 11,740,727, and any other patents asserted in this action.

(iv)    "Party" means any party to this case, including all of its officers, directors, employees, consultants, retained experts, and outside counsel and their support staffs.

(v)    "Producing Party" means any Party or non-party that discloses or produces any Discovery Material in this case.

(vi)    "Protected Material" means any Discovery Material that is designated as "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE," as provided for in this Order.  Protected Material shall not include: (i) advertising materials that have been actually published or publicly disseminated; and (ii) materials that show on their face they have been disseminated to the public.

(vii)    "Receiving Party" means any Party who receives Discovery Material from a Producing Party.

(viii)    "Source Code" means computer code, scripts, assembly, binaries, object code, source code listings (e.g., file names and path structure), descriptions of source code (e.g., descriptions of declarations, functions, and parameters), object code listings and descriptions of object code, Hardware Description Language (HDL) or Register Transfer Level (RTL) files that describe the hardware design of any ASIC

**STIPULATED PROTECTIVE ORDER**

or other chip, and Computer Aided Design (CAD) files that describe the hardware design of any component.

### 3.   COMPUTATION OF TIME

The computation of any period of time prescribed or allowed by this Order shall be governed by the provisions for computing time set forth in Federal Rules of Civil Procedure 6.

### 4.   SCOPE

(a)    The protections conferred by this Order cover not only Discovery Material governed by this Order as addressed herein, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or their counsel in court or in other settings that might reveal Protected Material.

(b)    Nothing in this Protective Order shall prevent or restrict a Producing Party's own disclosure or use of its own Protected Material for any purpose, and nothing in this Order shall preclude any Producing Party from showing its Protected Material to an individual who prepared the Protected Material.

(c)    Nothing in this Order shall be construed to prejudice any Party's right to use any Protected Material in court or in any court filing with the consent of the Producing Party or by order of the Court.

(d)    This Order is without prejudice to the right of any Party to seek further or additional protection of any Discovery Material or to modify this Order in any way, including, without limitation, an order that certain matter not be produced at all.

### 5.   DURATION

Even after the termination of this case, the confidentiality obligations imposed by this Order shall remain in effect until a Producing Party agrees otherwise in writing or a court order otherwise directs.

**STIPULATED PROTECTIVE ORDER**

## 6. ACCESS TO AND USE OF PROTECTED MATERIAL

(a)    Basic Principles.  All Protected Material shall be used solely for this case or any related appellate proceeding, and not for any other purpose whatsoever, including without limitation any other litigation, patent prosecution or acquisition, patent reexamination or reissue proceedings, or any business or competitive purpose or function.  Protected Material shall not be distributed, disclosed or made available to anyone except as expressly provided in this Order.

(b)    Patent Prosecution Bar.  Absent the written consent of the Producing Party, any person on behalf of the Plaintiff who receives one or more items designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" by a Defendant shall not be involved, directly or indirectly, in any of the following activities:  (i) advising on, consulting on, preparing, prosecuting, drafting, editing, and/or amending of patent applications, specifications, claims, and/or responses to office actions, or otherwise affecting the scope of claims in patents or patent applications relating to the functionality, operation, and design of touch input gestures on user interfaces in mobile devices (generally or as described in any of the patents-in-suit), before any foreign or domestic agency, including the United States Patent and Trademark Office; and (ii) the acquisition of patents (including patent applications), or the rights to any such patents or patent applications with the right to sublicense, relating to the functionality, operation, and design of touch input gestures on user interfaces in mobile devices.  These prohibitions are not intended to and shall not (i) preclude counsel from participating in proceedings challenging the validity of any patent, including reexamination, inter partes review, covered business method review, or reissue proceedings on behalf of a patentee, but counsel's participation in such proceedings shall be limited to defending the validity of the patent and the individual has no involvement in and does not advise regarding drafting, editing, approving, or amending claim language.  These prohibitions shall begin when access

**STIPULATED PROTECTIVE ORDER**

to "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" materials are first received by the affected individual and shall end two (2) years after the final resolution of this action, including all appeals.

(c)     Secure Storage, No Export.   Protected Material must be stored and maintained by a Receiving Party in a secure manner that ensures that access is limited to the persons authorized under this Order.   Protected Material designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" may not be transported or stored by the Receiving Party (including any Persons of the Receiving Party disclosed under Paragraph 12 below) outside the United States.

(d)     Legal Advice Based on Protected Material.   Nothing in this Protective Order shall be construed to prevent counsel from advising their clients with respect to this case based in whole or in part upon Protected Materials, provided counsel does not disclose the Protected Material itself except as provided in this Order.

(e)     Limitations.   Nothing in this Order shall restrict in any way a Producing Party's use or disclosure of its own Protected Material.   Nothing in this Order shall restrict in any way the use or disclosure of Discovery Material by a Receiving Party: (i) that is or has become publicly known through no fault of the Receiving Party; (ii) that is lawfully acquired by or known to the Receiving Party independent of the Producing Party; (iii) previously produced, disclosed and/or provided by the Producing Party to the Receiving Party or a non-party without an obligation of confidentiality and not by inadvertence or mistake; (iv) with the consent of the Producing Party; or (v) pursuant to order of the Court.

## 7.   **DESIGNATING PROTECTED MATERIAL**

(a)     Available Designations.   Any Producing Party may designate Discovery Material with any of the following designations, provided that it meets the requirements for such designations as provided for herein: "CONFIDENTIAL,"

"CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE."

(b)   <u>Written Discovery and Documents and Tangible Things</u>.   Written discovery, documents (which include "electronically stored information," as that phrase is used in Federal Rule of Procedure 34), and tangible things that meet the requirements for the confidentiality designations listed in Paragraph 7(a) may be so designated by placing the appropriate designation on every page of the written material prior to production.  For digital files being produced, the Producing Party may mark each viewable page or image with the appropriate designation, and mark the medium, container, and/or communication in which the digital files were contained.  In the event that original documents are produced for inspection, the original documents shall be presumed "CONFIDENTIAL – ATTORNEYS' EYES ONLY" during the inspection and re-designated, as appropriate during the copying process.

(c)   <u>Native Files.</u>  Where electronic files and documents are produced in native electronic format, such electronic files and documents shall be designated for protection under this Order by appending to the file names or designators information indicating whether the file contains  "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE," material, or shall use any other reasonable method for so designating Protected Materials produced in electronic format. When electronic files or documents are printed for use at deposition, in a court proceeding, or for provision in printed form to an approved expert or consultant, the party printing the electronic files or documents shall affix a legend to the printed document corresponding to the designation of the Designating Party and including the production number and designation associated with the native file.  To the extent native files are used during the course of the litigation, the Receiving Party agrees

1    not to alter such native files in any way without the consent of the Producing Party,

2    which consent shall not be unreasonably withheld.

3    (d)    <u>Depositions and Testimony</u>. Parties or testifying persons or entities may

4    designate depositions and other testimony with the appropriate designation by

5    indicating on the record at the time the testimony is given or by sending written notice

6    of how portions of the transcript of the testimony is designated within thirty (30) days

7    of receipt of the transcript of the testimony.  If no indication on the record is made,

8    all information disclosed during a deposition shall be deemed "CONFIDENTIAL –

9    ATTORNEYS' EYES ONLY" until the time within which it may be appropriately

10    designated as provided for herein has passed.  Any Party that wishes to disclose the

11    transcript, or information contained therein, may provide written notice of its intent

12    to treat the transcript as non-confidential, after which time, any Party that wants to

13    maintain any portion of the transcript as confidential must designate the confidential

14    portions within fourteen (14) days, or else the transcript may be treated as non-

15    confidential.  Any Protected Material that is used in the taking of a deposition shall

16    remain subject to the provisions of this Protective Order, along with the transcript

17    pages of the deposition testimony dealing with such Protected Material.  In such cases

18    the court reporter shall be informed of this Protective Order and shall be required to

19    operate in a manner consistent with this Protective Order.  In the event the deposition

20    is videotaped, the original and all copies of the videotape shall be marked by the

21    video technician to indicate that the contents of the videotape are subject to this

22    Protective Order, substantially along the lines of "This videotape contains

23    confidential testimony used in this case and is not to be viewed or the contents

24    thereof to be displayed or revealed except pursuant to the terms of the operative

25    Protective Order in this matter or pursuant to written stipulation of the parties."

26    Counsel for any Producing Party shall have the right to exclude from oral

27    depositions, other than the deponent, deponent's counsel, the reporter and

28    videographer (if any), any person who is not authorized by this Protective Order

**STIPULATED PROTECTIVE ORDER**

to receive or access Protected Material based on the designation of such Protected Material. Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Protected Material.

**8. DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL"**

(a) A Producing Party may designate Discovery Material as "CONFIDENTIAL" if it contains or reflects confidential, proprietary, and/or commercially sensitive information.

(b) Unless otherwise ordered by the Court, Discovery Material designated as "CONFIDENTIAL" may be disclosed only to the following:

(i) The Receiving Party's Outside Counsel, such counsel's immediate paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff;

(ii) Not more than three (3) representatives of the Receiving Party who are officers or employees of the Receiving Party, who may be, but need not be, in-house counsel for the Receiving Party, as well as their immediate paralegals and staff, to whom disclosure is reasonably necessary for this case, provided that: (a) each such person has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; and (b) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 12 below;

(iii) Any outside expert or consultant retained by the Receiving Party to assist in this action, provided that disclosure is only to the extent necessary to perform such work; and provided that: (a) such expert or consultant has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; (b) such expert or consultant is not a current officer, director, or employee of a Party, nor anticipated at the time of retention to become an officer, director or employee of a Party; and (c) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 12 below and neither Party

**STIPULATED PROTECTIVE ORDER**

waives their rights to object to an outside expert or consultant as set forth in Paragraph 12 including on the basis that the outside expert or consultant is a competitor of a Party;

(iv) Court reporters, stenographers and videographers retained to record testimony taken in this action;

(v) The Court, jury, and court personnel;

(vi) Graphics, translation, design, and/or jury or trial consulting personnel, having first agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A;

(vii) Mock jurors who have signed an undertaking or agreement agreeing not to publicly disclose Protected Material and to keep any information concerning Protected Material confidential;

(viii) Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

(ix) Any other person with the prior written consent of the Producing Party.

9. **DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL – ATTORNEYS' EYES ONLY"**

(a) A Producing Party may designate Discovery Material as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" if it contains or reflects information that is extremely confidential and/or sensitive in nature and the Producing Party reasonably believes that the disclosure of such Discovery Material is likely to cause economic harm or significant competitive disadvantage to the Producing Party. The Parties agree that the following information, if non-public, shall be presumed to merit the "CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation: trade secrets, pricing information, financial data, sales information, sales or marketing forecasts or plans, business plans, sales or marketing strategy,

product development information, engineering documents, testing documents, employee information, and other non-public information of similar competitive and business sensitivity.

(b)    Unless otherwise ordered by the Court, Discovery Material designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be disclosed only to:

(i)    The Receiving Party's Outside Counsel on behalf of a Party or a competitor of a Party, and such Outside Counsel's immediate paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff;

(ii)    With respect to Discovery Material produced by the Plaintiff and containing confidential information solely of the Plaintiff and not any third party, not more than three (3) in-house counsel of the Receiving Party, provided that such in-house counsel is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), as well as their immediate paralegals and staff to whom disclosure is reasonably necessary for this case, provided that:  (a) each such person has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; and (b) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 12 below;

(iii)    Any outside expert or consultant retained by the Receiving Party to assist in this action, provided that disclosure is only to the extent necessary to perform such work; and provided that:  (a) such expert or consultant has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; (b) such expert or consultant is not a current officer, director, or employee of a Party, nor anticipated at the time of retention to become an officer, director, or employee of a Party; (c) and (d) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 12 below;

**STIPULATED PROTECTIVE ORDER**

(iv)    Court reporters, stenographers and videographers retained to record testimony taken in this action;

(v)    The Court, jury, and court personnel;

(vi)    Graphics, translation, design, and/or jury or trial consulting personnel, having first agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A;

(vii)    Mock jurors who have signed an undertaking or agreement agreeing not to publicly disclose Protected Material and to keep any information concerning Protected Material confidential;

(viii)    Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

(ix)    Any other person with the prior written consent of the Producing Party.

(c)    To the extent that Protected Material is disseminated to mock jurors for the purpose of a limited-duration mock jury exercise, the disseminating party shall take care to collect, destroy, and prevent the external use or collection of another party's Protected Material by any mock jurors.

**10.    <u>DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE"</u>**

(a)    To the extent production of Source Code becomes necessary to the prosecution or defense of the case, a Producing Party may designate Source Code as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" if it comprises or includes confidential, proprietary, and/or trade secret Source Code.

(b)    Nothing in this Order shall be construed as a representation or admission that Source Code is properly discoverable in this action, or to obligate any Party to produce any Source Code.

(c)     Unless otherwise ordered by the Court, Discovery Material designated as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" shall be subject to the provisions set forth in Paragraph 11 below, and may be disclosed, subject to Paragraph 11 below, solely to:

(i)     The Receiving Party's Outside Counsel and such Outside Counsel's immediate paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff;

(ii)     Any outside expert or consultant retained by the Receiving Party to assist in this action, provided that disclosure is only to the extent necessary to perform such work; and provided that: (a) such expert or consultant has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; (b) such expert or consultant is not a current officer, director, or employee of a Party, nor anticipated at the time of retention to become an officer, director or employee of a Party and (c) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 12 below;

(iii)     Court reporters, stenographers and videographers retained to record testimony taken in this action;

(iv)     The Court, jury, and court personnel;

(v)     Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

(vi)     Any other person with the prior written consent of the Producing Party.

## 11.     **DISCLOSURE AND REVIEW OF SOURCE CODE**

(a)     Any Source Code that is produced by Plaintiff shall be made available for inspection in electronic format at the Dallas, Texas office of its outside counsel, Norton Rose Fulbright, or any other location mutually agreed by the Parties.  Any Source Code that is produced by Apple Inc. will be made available for inspection

**STIPULATED PROTECTIVE ORDER**

at the San Diego, California office of its outside counsel, DLA Piper LLP (US), or any other location mutually agreed by the Parties.  Source Code will be made available for inspection between the hours of 8 a.m. and 6 p.m. on business days (i.e., weekdays that are not Federal holidays), although the Parties will be reasonable in accommodating reasonable requests to conduct inspections at other times.

(b)    Prior to the first inspection of any requested Source Code, the Receiving Party shall provide fourteen (14) days' notice of the Source Code that it wishes to inspect.  The Receiving Party shall provide five (5) business days' notice prior to any additional inspections.

(c)    Source Code that is designated "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" shall be produced for inspection and review subject to the following provisions, unless otherwise agreed by the Producing Party:

(i)    All Source Code shall be made available by the Producing Party to the Receiving Party's outside counsel and/or experts in a secure room on a secured computer without Internet access or network access to other computers and on which all access ports have been disabled (except for one printer port), as necessary and appropriate to prevent and protect against any unauthorized copying, transmission, removal or other transfer of any Source Code outside or away from the computer on which the Source Code is provided for inspection (the "Source Code Computer" in the "Source Code Review Room").  The Producing Party shall install tools that are sufficient for viewing and searching the code produced, on the platform produced. The Receiving Party's outside counsel and/or experts may request that commercially available software tools be installed on the secured computer, provided, however, that the Receiving Party possesses an appropriate license to such software tools and provides the Producing Party with the information necessary (including but not limited to the appropriate license) to download such software tools (i.e., download links or a CD/DVD/USB drive containing the software tools). To the extent such a

**STIPULATED PROTECTIVE ORDER**

request is made, it will be done at least fourteen (14) days in advance of the date upon which the Receiving Party wishes to have the additional software tools available for use on the Source Code Computer. The parties further agree that any such software tools will not be used to compile or alter the source code in any way. To the extent the Producing Party objects to the requested installation of any software tools (including on the basis that the review tools are incompatible with the source code review platform/environment), the Producing Party will notify the Receiving Party within seven (7) days and the parties will meet and confer in good faith regarding the Producing Party's concerns. Should the Parties be unable to resolve the dispute through the meet and confer process, the Receiving Party may file a motion to compel the deployment of the software tools within seven (7) days of the meet and confer.

(ii)    No recordable media or recordable devices, including without limitation sound recorders, computers, cellular telephones, peripheral equipment, cameras, CDs, DVDs, or drives of any kind, shall be permitted into the Source Code Review Room with the exception of a single laptop computer, provided by the Producing Party, without Internet access or network access to any other computer, which may be used by the Receiving Party to take notes relating to the Source Code but may not copy the Source Code into the notes. The Producing Party will not monitor the contents of any notes taken using the single authorized laptop computer, except to the extent necessary under Paragraph 11(c)(iv) below. The Receiving Party may attach a USB thumb drive to the single authorized laptop computer for the sole purpose of copying notes.

(iii)    The Receiving Party's outside counsel and/or experts shall be entitled to take notes relating to the Source Code but may not copy the Source Code into the notes.  The Receiving Party may take such notes on the single authorized laptop computer.

**STIPULATED PROTECTIVE ORDER**

(iv)    The Producing Party may visually monitor the activities of the Receiving Party's representatives during any Source Code review, but only to ensure compliance with this Protective Order.

(v)    No copies of all or any portion of the Source Code may leave the room in which the Source Code is inspected except as otherwise provided in Paragraph 11.  The Producing Party shall make available a laser printer with commercially reasonable printing speeds for on-site printing during inspection of the Source Code.  Any printed portion that consists of more than ten (10) pages of a continuous block of Source Code will require a meet and confer between the parties during which the Receiving Party must explain the need for such a printed copy.  By default, the Receiving Party may print out no more than 250 pages total.  For good cause, the Receiving Party may request to print additional pages, and the parties agree to discuss the request in good faith. The Receiving Party shall not print Source Code in order to review blocks of Source Code elsewhere in the first instance. Upon printing any such portions of Source Code, the printed pages shall be collected by the Producing Party. The Producing Party shall Bates number, copy, and label "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" any pages printed by the Receiving Party. Within five (5) days, the Producing Party shall either (i) provide one copy set of such pages to the Receiving Party or (ii) inform the Requesting Party that it objects that the printed portions are excessive and/or not done for a permitted purpose. If the total amount of printed Source Code to date is less than or equal to 250 pages for any given software release, the printed portions shall be presumed to be not excessive. If, after meeting and conferring, the Producing Party and the Receiving Party cannot resolve the objection, the Receiving Party shall be entitled to seek a Court resolution of whether the printed Source Code in question is not excessive and was printed for a permitted purpose. If the total amount of printed Source Code to date, including the printed portions that the Producing Party objects to, is less than 250 pages for any given software release, the burden shall be on the

**STIPULATED PROTECTIVE ORDER**

Producing Party to demonstrate that such printed portions are excessive and not reasonably necessary for a permitted purpose. Otherwise, the burden shall be on the Receiving Party to demonstrate that such printed portions are not excessive and reasonably necessary for a permitted purpose. The printed pages shall constitute part of the Source Code produced by the Producing Party in this action.

(vi)    All persons who will review a Producing Party's Source Code on behalf of a Receiving Party, including members of a Receiving Party's outside law firm, shall be identified in writing to the Producing Party at least five (5) days in advance of the first time that such person reviews such Source Code. Such identification shall be in addition to any other disclosure required under this Order. All persons viewing Source Code shall sign on each day they view Source Code a log that will include the names of persons who enter the locked room to view the Source Code and when they enter and depart. The Producing Party shall be entitled to a copy of the log upon one (1) day's advance notice to the Receiving Party.

(vii)   Unless otherwise agreed in advance by the Parties in writing, following each day on which inspection is done under this Order, the Receiving Party's outside counsel and/or experts shall remove all notes, documents, and all other materials from the Source Code Review Room. The Producing Party shall not be responsible for any items left in the room following each inspection session, and the Receiving Party shall have no expectation of confidentiality for any items left in the room following each inspection session without a prior agreement to that effect. Proper identification of all authorized persons shall be provided prior to any access to the secure room or the computer containing Source Code. Proper identification requires showing, at a minimum, a photo identification card sanctioned by the government of any State of the United States, by the government of the United States, or by the nation state of the authorized person's current citizenship. Access to the secure room or the Source Code Computer may be denied, at the discretion of the supplier, to any individual who fails to provide proper identification.

(viii)  Other than as provided above, the Receiving Party will not copy, remove, or otherwise transfer any Source Code from the Source Code Computer including, without limitation, copying, removing, or transferring the Source Code onto any recordable media or recordable device.  Specifically, the Receiving Party will not transmit any Source Code from the source code review site at Producing Party's facilities or the offices of its outside counsel of record; printouts, if any, will be provided to the Receiving Party as set forth above in Paragraph 11(c)(v).

(ix)  The Receiving Party's outside counsel of record may make no more than five (5) additional paper copies of any portions of the Source Code received from a Producing Party pursuant to Paragraph 11(c)(v), not including copies attached to court filings or used at depositions, and shall maintain a log of all paper copies of the Source Code.  The Receiving Party may ship the additional copies of the Source Code to other addresses, provided that shipping is tracked through a delivery service; the copies are made on security paper; that the copies are enclosed in at least two envelopes, the inner envelope being marked "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" and sealed with tamper-proof tape; and that when received the additional shipped copies of the Source Code will be stored in accordance with Paragraph 11(c)(x) below. If the Receiving Party is in the same city as the recipient, the Receiving Party shall hand-deliver any such additional copies made on security paper and placed in at least two envelopes, the inner envelope being marked "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE," and sealed with tamper-proof tape.  The log shall include the names of the reviewers and/or recipients of paper copies and locations where the paper copies are stored.  Upon three (3) day's advance notice to the Receiving Party by the Producing Party, the Receiving Party shall provide a copy of this log to the Producing Party.

(x)  The Receiving Party's outside counsel of record and any person receiving a copy of any Source Code shall maintain and store any paper copies of the

**STIPULATED PROTECTIVE ORDER**

Source Code at their offices in a manner that prevents duplication of or unauthorized access to the Source Code, including, without limitation, storing the Source Code in a locked room or cabinet at all times when it is not in use. No more than a total of ten (10) individuals identified by the receiving party shall have access to the printed portions of Apple Source Code (except insofar as such code appears in any court filing or expert report).

(xi)    The Receiving Party may make up to three (3) additional paper copies of Source Code (per deposition) solely for use at depositions. Copies of Source Code that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers. All paper copies of Source Code brought to the deposition shall remain with the Producing Counsel's outside counsel for secure destruction in a timely manner following the deposition.

(xii)    Except as provided in Paragraph 11, absent express written permission from the Producing Party, the Receiving Party may not create electronic images, or any other images, or make electronic copies, of the Source Code from any paper copy of Source Code for use in any manner (including by way of example only, the Receiving Party may not scan the Source Code to a PDF or photograph the code). The Receiving Party may include Source Code excerpts in expert reports, contentions, discovery requests or responses, and other litigation documents, including internal electronic drafts of such documents, provided that the documents are designated "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE." The Receiving Party shall use reasonable efforts to limit the use of Source Code excerpts to those that are reasonably necessary, and more than three (3) page of continuous source code excerpted into a document will be considered unreasonable. However, images or copies of Source Code shall not be included in correspondence between the Parties (references to production numbers shall be used instead). Additionally, images or copies of Source Code shall be omitted from

STIPULATED PROTECTIVE ORDER

pleadings and other papers filed with the Court whenever possible. If a Producing Party agrees to produce an electronic copy of all or any portion of its Source Code or provide written permission to the Receiving Party that an electronic or any other copy needs to be made for a Court filing, access to the Receiving Party's submission, communication, and/or disclosure of electronic files or other materials containing any portion of Source Code (paper or electronic) shall at all times be limited solely to individuals who are expressly authorized to view Source Code under the provisions of this Order. Where the Producing Party has provided the express written permission required under this provision for a Receiving Party to create electronic copies of Source Code, the Receiving Party shall maintain a log of all such electronic copies of any portion of Source Code in its possession or in the possession of its retained consultants, including the names of the reviewers and/or recipients of any such electronic copies, and the locations and manner in which the electronic copies are stored. Additionally, any such electronic copies must be labeled "CONFIDENTIAL - ATTORNEYS' EYES ONLY - SOURCE CODE" as provided for in this Order.

## 12. <u>NOTICE OF DISCLOSURE</u>

(a)    Prior to disclosing any Protected Material to any person described in Paragraphs 8(b)(ii), 8(b)(iii), 9(b)(ii), 9(b)(iii), or 10(c)(ii) (referenced below as "Person"), the Party seeking to disclose such information shall provide the Producing Party with written notice that includes:

(i)    the name of the Person;

(ii)    an up-to-date curriculum vitae of the Person;

(iii)    the present employer and title of the Person;

(iv)    an identification of the Person's employment and consulting relationships for the last five (5) years;

(v)    an identification of all pending patent applications on which the Person is named as an inventor, in which the Person has any ownership interest, or

as to which the Person has had or anticipates in the future any involvement in advising on, consulting on, preparing, prosecuting, drafting, editing, amending, or otherwise affecting the scope of the claims; and

(vi)   a list of the cases in which the Person has testified at deposition or trial within the last five (5) years.  Further, the Party seeking to disclose Protected Material shall provide such other information regarding the Person's professional activities reasonably requested by the Producing Party for it to evaluate whether good cause exists to object to the disclosure of Protected Material to the outside expert or consultant.

(b)   Within ten (10) days of receipt of the disclosure of the Person, the Producing Party or Parties may object in writing to the Person for good cause.  In the absence of an objection at the end of the ten (10) day period, the Person shall be deemed approved under this Protective Order.  There shall be no disclosure of Protected Material to the Person prior to expiration of this ten (10) day period.  If the Producing Party objects to disclosure to the Person within such ten (10) day period, the Parties shall meet and confer via telephone or in person within seven (7) days following the objection and attempt in good faith to resolve the dispute on an informal basis.  If the dispute is not resolved, the Party objecting to the disclosure will have seven (7) days from the date of the meet and confer to seek relief from the Court.  If relief is not sought from the Court within that time, the objection shall be deemed withdrawn.  If relief is sought, designated materials shall not be disclosed to the Person in question until the Court resolves the objection.

(c)   For purposes of this section, "good cause" shall include an objectively reasonable concern that the Person will, advertently or inadvertently, use or disclose Discovery Materials in a way or ways that are inconsistent with the provisions contained in this Order.

**STIPULATED PROTECTIVE ORDER**

(d)     Prior to receiving any Protected Material under this Order, the Person must execute a copy of the "Agreement to Be Bound by Protective Order" (Exhibit A hereto) and serve it on all Parties.

(e)     An initial failure to object to a Person under this Paragraph 12 shall not preclude the nonobjecting Party from later objecting to continued access by that Person for good cause.  If an objection is made, the Parties shall meet and confer via telephone or in person within seven (7) days following the objection and attempt in good faith to resolve the dispute informally.  If the dispute is not resolved, the Party objecting to the disclosure will have seven (7) days from the date of the meet and confer to seek relief from the Court.  The designated Person may continue to have access to information that was provided to such Person prior to the date of the objection.   If a later objection is made, no further Protected Material shall be disclosed to the Person until the Court resolves the matter or the Producing Party withdraws its objection.  Notwithstanding the foregoing, if the Producing Party fails to move for a protective order within seven (7) business days after the meet and confer, further Protected Material may thereafter be provided to the Person.

### 13.   <u>CHALLENGING DESIGNATIONS OF PROTECTED MATERIAL</u>

(a)     A Party shall not be obligated to challenge the propriety of any designation of Discovery Material under this Order at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereto.

(b)     Any challenge to a designation of Discovery Material under this Order shall be written, shall be served on outside counsel for the Producing Party, shall particularly identify the documents or information that the Receiving Party contends should be differently designated, and shall state the grounds for the objection.  Thereafter, further protection of such material shall be resolved in accordance with the following procedures:

(i)     The objecting Party shall have the burden of conferring either in person, in writing, or by telephone with the Producing Party claiming protection (as

well as any other interested party) in a good faith effort to resolve the dispute. The Producing Party shall have the burden of justifying the disputed designation;

(ii)    Failing agreement, the Receiving Party may bring a motion to the Court for a ruling that the Discovery Material in question is not entitled to the status and protection of the Producing Party's designation. The Parties' entry into this Order shall not preclude or prejudice either Party from arguing for or against any designation, establish any presumption that a particular designation is valid, or alter the burden of proof that would otherwise apply in a dispute over discovery or disclosure of information;

(iii)    Notwithstanding any challenge to a designation, the Discovery Material in question shall continue to be treated as designated under this Order until one of the following occurs: (a) the Party who designated the Discovery Material in question withdraws such designation in writing; or (b) the Court rules that the Discovery Material in question is not entitled to the designation.

**14.    DATA SECURITY**

(a)    Receiving Party shall safeguard Protected Materials, including reasonable and appropriate safeguards, such as for example network security and administrative, physical, and technical safeguards.

(b)    If Receiving Party becomes aware of any unauthorized access, use, or disclosure of Protected Materials or devices containing Protected Materials ("Data Breach"), Receiving Party shall promptly, and in no case later than 48 hours after learning of the Data Breach, notify Producing Party in writing and fully cooperate with Producing Party as may be reasonably necessary to (a) determine the source, extent, or methodology of such Data Breach, (b) to recover or to protect Protected Materials, and/or (c) to satisfy Producing Party's legal, contractual, or other obligations. For the avoidance of doubt, notification obligations under this Section arise when the Receiving Party both (a) learns of a Data Breach, and (b) learns that any of the Producing Party's Protected Materials are potentially subject to the Data

Breach. The notification obligations set forth in this Section do not run from the time the Data Breach itself.

(c)　Receiving Party shall promptly comply with Producing Party's reasonable request(s) that Receiving Party investigate, remediate, and mitigate the effects of a Data Breach and any potential recurrence and take all reasonable steps to terminate and prevent unauthorized access. Receiving Party shall promptly provide any information that is reasonably requested by Producing Party and that relates to any such Data Breach, including but not limited to, the Protected Material that was potentially impacted, underlying vulnerabilities or flaws that led to the Data Breach, start or end date of the Data Breach, date of discovery, and specific actions taken to contain, mitigate, or remediate the Data Breach.  For the avoidance of doubt, nothing in this Section is intended to create a waiver of any applicable privileges, including privileges applicable to a Party's investigation and remediation of a Data Breach.

(d)　If Receiving Party is aware of a Data Breach, the Parties shall meet and confer in good faith regarding any adjustments that should be made to the discovery process and discovery schedule in this action, potentially including but not limited to (1) additional security measures to protect Discovery Material; (2) a stay or extension of discovery pending investigation of a Data Breach and/or implementation of additional security measures; and (3) a sworn assurance that Discovery Materials will be handled in the future only by entities not impacted by the Data Breach, until such time that the entities impacted by the Data Breach have remediated the breach.

## 15.　**SUBPOENAS OR COURT ORDERS**

If at any time Protected Material is subpoenaed by any court, arbitral, administrative, or legislative body, the Party to whom the subpoena or other request is directed shall immediately give prompt written notice thereof to every Party who has produced such Discovery Material and to its counsel and shall provide each such Party with an opportunity to move for a protective order regarding the production of Protected Materials implicated by the subpoena.

**STIPULATED PROTECTIVE ORDER**

**16.    FILING PROTECTED MATERIAL**

(a)    Absent written permission from the Producing Party or a court Order secured after appropriate notice to all interested persons, a Receiving Party may not file or disclose in the public record any Protected Material.

(b)    Any Party is authorized under Southern District of California Local Rule 79.2 to file under seal with the Court any brief, document or materials that are designated as Protected Material under this Order.  However, nothing in this section shall in any way limit or detract from this Order's requirements as to Source Code.

**17.    INADVERTENT DISCLOSURE OF PRIVILEGED MATERIAL**

(a)    Pursuant to Federal Rule of Evidence 502(d) and (e), the production or disclosure of a privileged or work product protected information, or the failure to object to the use of such information, whether inadvertent or otherwise, and regardless of the circumstances, is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding.  For example, the mere production of a privileged or work product protected document in this case as part of a production is not itself a waiver.

(b)    Nothing in this Order shall be interpreted to require production or disclosure of information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity.  The parties do not waive any objections as to the production, discoverability, admissibility, or confidentiality of documents and ESI.  Federal Rule of Evidence 502(b) is inapplicable to the Identified Materials, which shall receive the maximum protection afforded by FRE 502(d). Under FRE 502(d) and 28 U.S. Code § 1738, this Order shall be enforceable and granted full faith and credit in all other state and federal proceedings.  Any subsequent conflict of law analysis shall apply the law most protective of privilege and work product.

(c)    The Producing Party must notify the Receiving Party within a reasonable time, in writing, upon discovery that Privileged Information has been

produced, disclosed, or used.  Upon a written request from any Producing Party that Discovery Material that it believes is privileged and/or protected has been produced or disclosed (the "Identified Material"):

(i)     The Receiving Party shall not, from that point onward, copy, distribute, or otherwise use in any manner the Identified Materials, unless the parties agree, or the Court orders, otherwise;

(ii)    The Receiving Party shall instruct all persons to whom the Receiving Party has disseminated the Identified Materials that such information is subject to this Order and may not be copied, distributed, or otherwise used; and,

(iii)   The Receiving Party and all persons notified as set out in the preceding subparagraph shall, within ten (10) calendar days: return, destroy, delete, or sequester, all copies of the Identified Material to the Producing Party, and provide a certification of counsel that all Identified Materials have been returned, destroyed, deleted, or sequestered.  If sequestered, the certification will state that the Identified Materials have been isolated and not copied, distributed, or otherwise used.  For Identified Materials stored on production media, the Receiving Party may load the production, but shall exclude the Identified Materials (thus sequestering them on the production media), or immediately destroy, delete, or sequester them after loading the production.  For purposes of this Order, Identified Materials that are not reasonably accessible under Federal Rule of Civil Procedure 26(b)(2)(B) because they are stored by the Receiving Party on backup storage media are deemed to be sequestered.  Should such data be retrieved, the Receiving Party must promptly take steps to delete the restored Identified Materials.

(iv)    The Receiving Party may make no use of the Identified Materials during any aspect of this matter or any other matter, including in depositions or at trial, unless the documents are later designated by a court of competent jurisdiction as not privileged or protected.

**STIPULATED PROTECTIVE ORDER**

(d)    If the Receiving Party has any notes or other work product reflecting the contents of the Identified Materials, the Receiving Party will not review or use those materials unless a court of competent jurisdiction later designates the Identified Materials as not privileged or protected.

(e)    The Receiving Party returning the Identified Materials contests the Producing Party's claim of privilege or other applicable protection, the parties will promptly meet and confer in an attempt to resolve the dispute.  If the parties are unable to resolve the dispute, the Receiving Party may move the Court for an order compelling production of some or all of the Identified Materials:

(i)    The basis for such a motion may not be the fact or circumstances of the production or disclosure or any of the factors listed in FRE 502(b).

(ii)    The motion may not use in any manner the Identified Materials, which should be returned, destroyed, deleted, or sequestered upon notification of clawback.

(iii)    The Producing Party retains the burden, upon the Receiving Party's challenge, of establishing the privileged or protected nature of Identified Materials.

(iv)    Pending resolution of the motion, the Receiving Party must not use the contested information in any way or disclose it to any person other than those required by law to be served with a copy of the sealed motion.

## 18.    FAILURE TO DESIGNATE PROPERLY

(a)    The failure by a Producing Party to designate Discovery Material as Protected Material with one of the designations provided for under this Order shall not waive any such designation provided that the Producing Party notifies all Receiving Parties that such Discovery Material is protected under one of the categories of this Order within fourteen (14) days of the Producing Party learning of the inadvertent failure to designate.    The Producing Party shall reproduce the Protected Material with the correct confidentiality designation within seven (7) days

upon its notification to the Receiving Parties.  Upon receiving the Protected Material with the correct confidentiality designation, the Receiving Parties shall return or securely destroy, at the Producing Party's option, all Discovery Material that was not designated properly.

(b)    A Receiving Party shall not be in breach of this Order for any use of such Discovery Material before the Receiving Party receives such notice that such Discovery Material is protected under one of the categories of this Order, unless an objectively reasonable person would have realized that the Discovery Material should have been appropriately designated with a confidentiality designation under this Order.  Once a Receiving Party has received notification of the correct confidentiality designation for the Protected Material with the correct confidentiality designation, the Receiving Party shall treat such Discovery Material (subject to the exception in Paragraph 17(c) below) at the appropriately designated level pursuant to the terms of this Order.

(c)    Notwithstanding the above, a subsequent designation of "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" shall apply on a going forward basis and shall not disqualify anyone who reviewed "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" materials while the materials were not marked "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" from engaging in the activities set forth in Paragraph 6(b).

**19.    INADVERTENT DISCLOSURE NOT AUTHORIZED BY ORDER**

(a)    In the event of a disclosure of any Discovery Material pursuant to this Order to any person or persons not authorized to receive such disclosure under this Protective Order, the Party responsible for having made such disclosure, and each Party with knowledge thereof, shall immediately notify counsel for the Producing

- 27 -

**STIPULATED PROTECTIVE ORDER**

Party whose Discovery Material has been disclosed and provide to such counsel all known relevant information concerning the nature and circumstances of the disclosure. The responsible disclosing Party shall also promptly take all reasonable measures to retrieve the improperly disclosed Discovery Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made.

(b)     Unauthorized or inadvertent disclosure does not change the status of Discovery Material or waive the right to hold the disclosed document or information as Protected.

**20.    FINAL DISPOSITION**

(a)     Not later than ninety (90) days after the Final Disposition of this case, each Party shall return all Discovery Material of a Producing Party to the respective outside counsel of the Producing Party or destroy such Material, at the option of the Producing Party. For purposes of this Order, "Final Disposition" occurs after an order, mandate, or dismissal finally terminating the above-captioned action with prejudice, including all appeals.

(b)     All Parties that have received any such Discovery Material shall certify in writing that all such materials have been returned to the respective outside counsel of the Producing Party or destroyed. Notwithstanding the provisions for return of Discovery Material, outside counsel may retain one set of pleadings, correspondence and attorney and consultant work product (but not document productions) for archival purposes, but must return any pleadings, correspondence, and consultant work product that contain Source Code.

**21.    DISCOVERY FROM EXPERTS OR CONSULTANTS**

(a)     Absent good cause, drafts of reports of testifying experts, and reports and other written materials, including drafts, of consulting experts, shall not be discoverable.

**STIPULATED PROTECTIVE ORDER**

(b)   Reports and materials exempt from discovery under the foregoing Paragraph shall be treated as attorney work product for the purposes of this case and Protective Order.

**22.   <u>MISCELLANEOUS</u>**

1.   <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.  By stipulating to this Order, the Parties do not waive the right to argue that certain material may require additional or different confidentiality protections than those set forth herein.

2.   <u>Termination of Matter and Retention of Jurisdiction</u>.  The Parties agree that the terms of this Protective Order shall survive and remain in effect after the Final Determination of the above-captioned matter.  The Court shall retain jurisdiction after Final Determination of this matter to hear and resolve any disputes arising out of this Protective Order.

3.   <u>Successors</u>.  This Order shall be binding upon the Parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

4.   <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.  This Order shall not constitute a waiver of the right of any Party to claim in this action or otherwise that any Discovery Material, or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in this action or any other proceeding.

5.   <u>Burdens of Proof</u>.  Notwithstanding anything to the contrary above, nothing in this Protective Order shall be construed to change the burdens of

**STIPULATED PROTECTIVE ORDER**

proof or legal standards applicable in disputes regarding whether particular Discovery Material is confidential, which level of confidentiality is appropriate, whether disclosure should be restricted, and if so, what restrictions should apply.

6. <u>Modification by Court</u>. This Order is subject to further court order based upon public policy or other considerations, and the Court may modify this Order *sua sponte* in the interests of justice. The United States District Court for the Southern District of California is responsible for the interpretation and enforcement of this Order. All disputes concerning Protected Material, however designated, produced under the protection of this Order shall be resolved by the United States District Court for the Southern District of California.

7. <u>Discovery Rules Remain Unchanged</u>. Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the Southern District of California, or the Court's own orders. Identification of any individual pursuant to this Protective Order does not make that individual available for deposition or any other form of discovery outside of the restrictions and procedures of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the Southern District of California, or the Court's own orders.

## 23. <u>WHAT THE COURT SHALL DO WITH CONFIDENTIAL DOCUMENTS</u>

Absent an ex parte motion made within 10 calendar days of the termination of the case, the parties understand that the Court will destroy any confidential documents in its possession.

## 24. <u>FILING DOCUMENTS UNDER SEAL</u>

Any party seeking to file documents under seal must comply with the procedures set forth in the ECF Manual. Parties should not seek to file under seal entire pleadings, or entire attachments, unless the party can establish that the entire document satisfies the standard for sealing.

**STIPULATED PROTECTIVE ORDER**

Unless the entire document satisfies the standard for sealing, a redacted version of the document must be publicly filed on the docket with only those portions of the document appropriately subject to filing under seal redacted.  An application to file under seal should specifically address the factual and legal basis for sealing each proposed redaction.  The party shall lodge the unredacted version of any filing in accordance with the ECF Manual.  If a party is seeking to file a document that contains information designated as confidential by another party, the filing party must reach out to the designating party in advance of filing the application to file under seal to obtain from the designating party the legal basis for the confidential designation. The filing party must include the legal basis in the application to file under seal.  If any party opposes the application to file under seal, that party must, **within one court day**, email Judge Cheeks' Chambers at efile_Cheeks@casd.uscourts.gov to notify the judge's staff that an opposition to the application will be filed.

**IT IS SO ORDERED** this **22th** day of **August**, **2024**.

Hon. Benjamin J. Cheeks
United States Magistrate Judge

**STIPULATED PROTECTIVE ORDER**