UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SMITH INTERFACE TECHNOLOGIES, LLC,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>APPLE INC.,<br><br>　　　　　　　　　　Defendant. | Case No.: 23-cv-1187-TWR-DTF<br><br>**REPORT AND RECOMMENDATION ON MOTION TO STRIKE** |

　　　This Report and Recommendation is submitted to United States District Judge Todd W. Robinson pursuant to 28 U.S.C. § 636(b) and Civil Local Rules 72.1(c) of the United States District Court for the Southern District of California.  Currently before the Court is Defendant's Motion to Strike (Doc. No. 155-1) and Plaintiff's Opposition (Doc. No. 159). On July 17, 2025, the Court held a telephonic Discovery Dispute Conference where the issue of Plaintiff's infringement contentions and related interrogatory requests was discussed.  The Court, therefore, finds this issue suitable for determination on the papers submitted and without further oral argument in accordance with Civil Local Rule 7.1(d)(1).

　　　For the reasons stated below, the Court **RECOMMENDS** that Defendant's motion to strike be **GRANTED**.

///
///

# BACKGROUND

Inventor Michael Smith "developed new advanced input and output techniques for mobile user interfaces [, "UIs"] such as "multi-part gestures, where users can take successive actions, such as by touching, tapping, long-pressing, or sliding, and receive feedback at each step, whether visual or tactile (or both)." (*See* Third Amended Complaint ("TAC") ¶ 19.) "These mobile UI advances resulted in numerous patents, including U.S. Patent Nos. 10,642,413 (the "'413 Patent"); 10,649,578 (the "'578 Patent"); 10,649,580 (the "'580 Patent"); 10,656,754 (the "'754 Patent"); 10,656,755 (the "'755 Patent"); 10,656,758 (the "'758 Patent"); 10,671,212 (the "'212 Patent"); 10,725,581 (the "'581 Patent"); 10,936,114 (the "'114 Patent"); and 11,740,727 (the "'727 Patent") (collectively, the "Asserted Patents")." (*Id.* ¶ 17.) The Asserted Patents are all continuation[s] of and claim[] priority to numerous patents, patent applications, and provisional patent applications dating back to U.S. Provisional Application No. 61/515,835, filed August 5, 2011." (*See id*. ¶¶ 21-30.) Smith is the sole named inventor of the Asserted Patents, all of which are assigned solely to Plaintiff Smith Interface. (*See id*.)

On June 27, 2023, Smith Interface filed the instant action against Apple, asserting nine claims of patent infringement as to each of the '413, '578, '580, '754, '755, '758, '212, '581, and '114 Patents (the "Original Asserted Patents"), (*see generally* Doc. No. 1 ("Compl.")). Smith Interface amended its Complaint on August 29, 2023 to add a claim for infringement of the '727 Patent that has just issued. (*See generally*, Doc. No. 22, First Amended Complaint).

On October 26, 2023, after being given leave of court, Smith Interface filed a Second Amended Complaint ("SAC"). (*See generally* Doc. No. 44.) Apple promptly filed a motion to dismiss the SAC's claims for willful and indirect infringement. On March 5, 2024, the Court granted-in-part and denied-in-part Apple's motion to dismiss and granted Smith Interface leave to file an amended complaint. (Doc. No. 63.)

On March 19, 2024, Smith Interface filed the operative TAC. (Doc. No. 66.)

On October 2, 2024, the Court granted Apple's motion to stay (Doc. No. 127) pending the PTABS's initial determinations in the *inter partes* review ("IPR") proceedings, following Apple's filing of IPR petitions challenging the validity of each of Smith Interface's ten asserted patents, (Doc. No. 140.) On March 5, 2025, the stay was lifted, and Smith Interfaces action against Apple was reduced to a subset of claims from the '754 Patent. (Doc. No. 141.)

On June 25, 2025, Smith Interface served its second amended infringement contentions pursuant to Patent Local Rule 3.6(a) and the Court's scheduling order.

## LEGAL STANDARD

Under 35 U.S.C. § 271(b) "whoever actively induces infringement of a patent shall be liable as an infringer." A claim for induced infringement requires that "there has been direct infringement by a third party and that the alleged infringer affirmatively induced that infringement with knowledge that the induced acts constituted patent infringement." *Amarin Pharma, Inc. v. Hikma Pharms. USA Inc.*, 104 F.4th 1370, 1377 (Fed. Cir. 2024). Thus, liability under § 271(b) requires an affirmative act encouraging infringement. Indeed, as the Supreme Court has informed "[t]he addition of the adverb 'actively' suggests that the inducement must involve the taking of affirmative steps to bring about the desired result." *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 760 (2011) (internal citation omitted).

Whereas 35 U.S.C. § 271(f)(1) provides:

> Whoever without authority supplies or causes to be supplied in or from the United States all or a substantial portion of the components of a patented invention, where such components are uncombined in whole or in part, in such manner as to actively induce the combination of such components outside of the United States in a manner that would infringe the patent if such combination occurred within the United States, shall be liable as an infringer.

Liability under § 271(f) requires that the claimant demonstrate that the alleged infringer "actively induce" the combination of the components. The "actively induced" requirement has been given the same meaning in both § 271(b) and § 271(f)(1). *See e.g.,*

*Dialect, LLC v. Amazon.com, Inc.*, No. 1:23CV581 (DJN), 2024 WL 4010111, at *4 (E.D. Va. Aug. 30, 2024) (noting that "Section 271(f)(1) bears more than a passing resemblance to 35 U.S.C. § 271(b)" and that "basic principles of statutory interpretation strong support giving the phrase 'actively induce' the same meaning in both § 271(b) and § 271(f)(1)").

With respect to indirect infringement contentions brought under 35 U.S.C. § 271(b) and (f), Patent Local Rule 3-1(d), requires:

> [f]or each claim which is alleged to have been indirectly infringed, an identification of any direct infringement and a description of the acts of the alleged indirect infringer that contribute to or are inducing that direct infringement. In so far as alleged direct infringement is based on joint acts of multiple parties, the role of each such party in the direct infringement must be described.

The purpose of the Court's Patent Local Rules is "to require parties to crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed." *CliniComp Int'l, Inc. v. Cerner Corp.*, No. 17-cv-02479-GPC (DEB), 2022 WL 16985003, at *12 (S.D. Cal. Nov. 15, 2022) (quoting *Wi-LAN Inc. v. LG Elecs., Inc.*, No. 18-CV-01577-H-BGS, 2019 WL 5790999, at *2 (S.D. Cal. Sept. 18, 2019)).

"A district court has wide discretion in enforcing the Patent Local Rules." *Pelican Int'l, Inc. v. Hobie Cat Co.*, No. 3:20-cv-02390-RSH-MS, 2023 WL 2127995, at *4 (S.D. Cal. Feb. 10, 2023) (internal citation omitted); *see also Howmedica Osteonics Corp. v. Zimmer, Inc.*, 822 F.3d 1312, 1320 (Fed. Cir. 2016) (reviewing "a district court's application of its local rules for abuse of discretion").

## DISCUSSION

Apple moves to strike Smith Interface's indirect infringement contentions, asserting that Smith Interface has failed to articulate the necessary and required facts to support these theories.

### I.   Section 271(b) Contentions Are Deficient.

First Apple argues that Smith Interface's 35 U.S.C. § 271(b) contentions are deficient because "they fail to sufficiently describe any facts that could support an

inducement claim." Doc. No. 155-1 at 5. Specifically, Apple contends that Smith Interface has failed to identify actions taken by Apple that purportedly induced unidentified third parties to directly infringe Smith Interface's patent. *Id.* at 9-12.

Actively inducing infringement by others is prohibited by § 271(b) and requires Smith Interface to demonstrate that Apple "knowingly induced infringement and possessed specific intent to encourage another's infringement." *Enplas Display Device Corp. v. Seoul Semiconductor Co.,* 909 F.3d 398, 407 (Fed. Cir. 2018). In describing indirect infringement, Smith Interface's indirect infringement contentions must comply with the requirements of Patent Local Rule 3.1(d). However, Smith Interface's indirect infringement allegations largely mimic the statutory elements of indirect inducement.

Smith Interface contends that Apple is indirectly inducing infringement by others by:

> [e]nter[ing] into commercial contracts, arrangements, or other practices to encourage retailers and resellers to sell and/or offer to sell the Accused Products within the United States and/or import the Accused Products into the United States, thereby directly infringing the Asserted Claims. On information and belief, with knowledge of the Accused Products, Apple provides instructions contained in, for example, its user manuals, conducts remote software updates, and otherwise configures the Accused Products to include infringing functionality and, thus encourages retailers, resellers and end users of the Accused Products to use the Accused Products, thereby directly infringing the Asserted Claims.

Doc. No. 155-5 at 18-18; Doc 155-6 at 6-8.

Such boilerplate language that merely recites the elements required to show induced infringement under 35 U.S.C. § 271(b) does not suffice. Merely referring to instructions, manuals, remote software updates, and configuration of the accused products is not sufficient. Rather, Smith Interface must explain the facts relied upon to support its theory, including the affirmative steps Apple took to bring about the alleged indirect infringement. Absent from Smith Interface's indirect infringement contentions are: (1) descriptions of the retailers and resellers who were purportedly encouraged to infringe by Apple; (2) the specific actions taken by Apple to induce third parties to directly infringe Smith Interface's

patent; (3) explanations regarding which user manuals, instructions or remote software led to what infringing behavior; and (4) details surrounding how Apple induced foreign customers to infringe Smith Interface's patent by traveling, or relocating, to the United States. *See e.g., Comcast Cable Commc'ns, LLC v. OpenTV, Inc.,* No. C 16-06180 WHA, 2017 WL 2630088, at *5 (N.D. Cal. June 19, 2017) (Under Patent Local Rule 3-1-(d) "boilerplate language that simply claims an accused infringer provided instructions on, advertised, or promoted the use of an accused product, without describing which instructions, advertisements, or promotions led to what infringing behavior, does not suffice."); *Ameranth, Inc., v. Pizza Hut, Inc.,* No. 12cv729 JLS (NLS(, 2013 WL 3894880, at *7 (S.D. Cal. July 26, 2013) (the inclusion of "some basic descriptions of acts of indirect infringement…are not sufficient and do not explain the facts relied upon."). In short, Smith Interface's contentions fail to satisfy Local Patent Rule 3.1(d).

## II.   Section 271(f) Contentions Are Deficient[1]

Second, Apple argues that Smith Interface's 35 U.S.C. § 271(f) contentions are insufficient because "they simply parrot the statutory language without providing fact supporting [Smith Interface's] infringement theory." Doc. No. 155-1 at 5. In support, Apple points to Smith Interface's contentions, maintaining that the specific "components" supplied by Apple for combining outside of the United States have not been identified. *Id.* at 12-14.

Under 35 U.S.C. § 271(f) Smith Interface must demonstrate that Apple is "supplying from the United States a patented invention's components" knowing that such "components" will be combined outside of the United Staes in a manner that would infringe if that combination occurred inside the United States. *Zoltek Corp. v. United States,* 672

---

[1] In its Brief Regarding the Sufficiency of Plaintiff's Contentions (Doc. No. 154), Smith Interface withdrew its allegations under 35 U.S.C. §271(f)(2). (Doc. No. 154, at 1, fn.1)

F.3d 1309, 1334 n.6 (Fed. Cir. 2012) (Dyk, J., dissenting) (citing Patent Law Amendments Act of 1984, Pub. L. 98-622, 98 Stat. 3383).

As § 271(f)(1) indirect infringement Smith Interface contends:

> On information and belief, Apple has been supplying in or from the United States all or a substantial portion of the components of the patented invention, in such a manner as to actively include the combination of such components outside the of United States in a manner that would infringe the Asserted Claims if such combination occurred within the United States.

Doc. No. 155-5 at 18-18; Doc 155-6 at 6-8.

Again, a contention that simply parrots the statutory language is insufficient under the Patent Local Rules. *See, e.g., Comcast Cable,* 2017 WL 2630088, at *5. Smith Interface has failed to identify: (1) the necessary "components;" (2) Apple's role in "supply[ing]" the components from the United States; and (3) the way Apple "induce[s]" the combination of the components outside the United States. Thus, Smith Interface's contentions fail to satisfy Local Patent Rule 3.1(d).

## CONCLUSION

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that the District Court issue an order striking Smith Interface's indirect infringement contentions. It is further **RECOMMENDED** that Apple's motion be granted without leave to amend as Smith Interface has not demonstrated "good cause" as to why its infringement contentions should be amended for a third time.[2] it is recommended that Apple's motion be granted without leave to amend. *See* P.L.R. 3.6(a) (After the filing of the Joint Claim Construction Chart, absent undue prejudice to the opposing party, "a party asserting infringement may

---

[2] Smith Interface has served three different sets of Patent Local Rule infringement contentions. On June 5, 2024 the first set of contentions were served. (Doc. No. 159-1.) On October 1, 2024, amended infringement contentions were served. (Doc. No. 159-2.) On June 25, 2025, Smith Interface amended and served its infringement contentions for the second time. (Doc. No. 154-1.) On July 17, 2025, Smith Interface served Apple with draft amended contentions. (Doc. No. 154-5). The deadline for Smith Interface to amend its infringement contentions as a matter of right under the Patent Local Rules was June 25, 2025. (Doc. No. 144 at 2.)

only amend its infringement contentions" thirty days after issuance of the Court's Claim Construction Ruling or "upon a timely motion showing good cause.")

It is **HEREBY ORDERED** that any written objections to this Report must be filed with the Court and served on all parties no later than **September 4, 2025**. The document should be captioned "Objections to Report and Recommendation.

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with this Court and served on all parties no later than **September 18, 2025**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1988).

**IT IS SO ORDERED**.

Dated:  August 21, 2025

Hon. D. Thomas Ferraro
United States Magistrate Judge