UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SMITH INTERFACE TECHNOLOGIES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>APPLE INC.,<br><br>Defendant. | Case No.: 23-cv-1187-TWR-DTF<br><br>**ORDER REGARDING DISCOVERY DISPUTE** |

Currently before the Court is the Parties Joint Discovery Dispute. On July 17, 2025, the Court held a telephonic Discovery Dispute Conference where the issues surrounding Plaintiff's interrogatories requests and related patent infringement contentions was discussed. Following the conference, both Parties submitted supplement briefing on the discovery issue. The Court, therefore, finds this issue suitable for determination on the papers submitted and without further oral argument in accordance with Civil Local Rule 7.1(d)(1).

For the reasons set forth below, Plaintiff Smtih Interface Technologies Inc's ("Smith Interface") request to compel Defendant Apple Inc's ("Apple") response to the disputed portions of Interrogatories No. 2, 3, and 11 is **DENIED**.

**RELEVANT DISCOVERY BACKGROUND**

The instant motion arises from the discovery sought by Smith Interface's interrogatories 2, 3, and 11.

Interrogatory No. 2 requests:

For each device identified in response to Interrogatory No. 1, Identify, on a monthly basis (or quarterly if monthly does not exist, or annually if neither monthly nor quarterly exist), from May 5, 2020 to the present, the number of sales of that device: (1) in the United States and/or for importation into the United States and (2) outside the United States, and Identify the financial information generated from such sales and/or importations, including but not limited to the number of units sold, revenues, gross profits, net profits, and the costs associated with making and selling of each such product or service. In addition to data on a monthly basis, to the extent available, Identify data for the following partial month periods: (a) May 2020 on or after May 5, (b) June 2020 on or after June 2, (c) July 2020 on or after July 28, (d) March 2021 on or after March 2, (e) August 2023 on or after August 29.

Interrogatory No. 3 requests:

For each device identified in response to Interrogatory No. 1, Identify the version(s) of iOS software, iPadOS software, and/or watchOS software loaded onto the device as sold and all versions of iOS software, iPadOS software, and/or watchOS software provided to a given device via software update, and Describe the process by which Apple distributes software updates for its devices, including but not limited to the Accused Products, including Identifying when each new versions of software was first available to users, and, on a month-by-month basis beginning in May 2020: (1) the number of devices in the United States that Apple provided with a given new version of software, and (2) the number of devices outside of the United States that Apple, from the United States, provided with a given new version of software.

Interrogatory No. 11 requests:

Identify projected sales from the present through August 2032 of devices identified in response to Interrogatory No. 1 and any other future Apple smartphones, tablets, and smartwatches intended to run a version of iOS 13 or later, iPadOS 13 or later, or watchOS 6 or later (1) in the United States and/or for importation into the United States and (2) outside the United States.

Smith Interface contends that the discovery it seeks is relevant to infringement under 35 U.S.C. §§ 271(b) and (f) and resulting damages. Further, Smith Interface maintains that

information on the software distribution process (No. 3) supports a claim for infringement under 35 U.S.C. §§ 271(f) when iOS and iPadOS with accused functionality is supplied from Apple's U.S. servers for use in devices abroad. Additionally, Smith Interface argues that worldwide sales date (Nos. 2 & 11) quantifies damages for that infringement, including a claim for infringement under 35 U.S.C. §271(b) when those devices are used in the United States and informs the secondary consideration of commercial success under 35 U.S.C. § 103.

In response, Apple does not dispute that information regarding sales and software distribution within the United States is discoverable. Rather, it argues that information regarding foreign sales data and Apple's software deployment outside of the United States is not discoverable or relevant to Smith Interface's claims. In support, Apple maintains that Smith Interface's inducement theory under 35 U.S.C. § 271(b) requires direct infringement by a third party, which cannot occur by a user outside the United States. Additionally, Apple contends that Smith Interface has not identified any cognizable infringement theory under 35 U.S.C. § 271(f) that supports expanding the scope of discovery in this case to include extraterritorial information outside of the United States.

## LEGAL STANDARD

The Federal Rules of Civil Procedure authorize parties to obtain discovery regarding any unprivileged matter that is relevant to any claim or defense and proportional to the needs of the case, "considering the importance of the issues at stake in action, the amount in controversy, the parties' relative access to relevant information, the parties resources, the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. Rule. Civ. P (26)(b)(1).

As stated in the Federal Rules, "[a]n answer to an interrogatory must be used to the extent allowable by the Federal Rules of Evidence." *Id.* (33)(c). Interrogatories must be answered by the party to whom they are directed or if the party is a public or private corporation by and officer of agent unless a timely objection is filed. *Id.* at 33(b).

Pursuant to Federal Rule of Civil Procedure 37, "a party may move for an order compelling disclosure of discovery." *Id.* at 37(a)(1).  "The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26." *Bryant v. Ochoa*, No. 7cv200 JM (PCL), 2009 WL 1390794, 2009 U.S. Dist. LEXIS 42339, at *1 (S.D. Cal. May 14, 2009) (internal citations omitted).  Subsequently, "the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections." *Id.* (internal citations omitted).

## ANALYSIS

### 1. Sales and Distribution Information Outside of the United States in relation to 35 U.S.C. § 271(d)

Under 35 U.S.C. § 271(b) "whoever actively induces infringement of a patent shall be liable as an infringer."  A claim for induced infringement requires that "there has been direct infringement by a third party and that the alleged infringer affirmatively induced that infringement with knowledge that the induced acts constituted patent infringement." *Amarin Pharma, Inc. v. Hikma Pharms. USA Inc.*, 104 F.4th 1370, 1377 (Fed. Cir. 2024).

Smith Interface contends that Apple is liable for inducing patent infringement under § 271(d) because "it induces its customers to infringe the Asserted Patent within the United States even when the product was originally purchased abroad."  Smith argues that the worldwide sales data is relevant to its claims for inducted infringement under § 271(d) and should, therefore, be produced.

In response Apple's argues that § 271(d) induced infringement claims can only occur it there is a direct infringement in the United States.  Thus, Apple contends that the foreign sales and foreign distribution information is irrelevant to Smith Interface's claims.  Further, it suggests that that Apple cannot be liable for inducement based on the sales of devices to foreign customers if/when those devices are used in the United States.  Apple maintains that it does not have the requisite knowledge or intent to induce its foreign customers to travel to the United States to allegedly infringe Smith Interface's patent.

1     District courts have broad discretion to determine relevancy for discovery purposes. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002). District courts also have broad discretion to limit discovery to prevent its abuse. *See* Fed. R. Civ. P. 26(b)(2) (providing that courts must limit discovery where the party seeking the discovery "has had ample opportunity to obtain the information by discovery in the action" or where the proposed discovery is "unreasonably cumulative or duplicative," "obtainable from other source that is more convenient, less burdensome, or less expensive," or where it "is outside the scope permitted by Rule 26(b)(1).

The scope of relevancy under the Federal Rules is not limitlessless. *See Hickman v. Taylor*, 329 U.S. 495, 507 (1947) ("[D]iscovery, like all matters of procedure, has ultimate and necessary boundaries.") Relevant to this discussion is the issuance of a Report and Recommendation by this Court which found that Smith Interface's 35 U.S.C. § 271(d) contentions failed to explain the facts relied upon to support its theory, including the affirmative steps Apple took to bring about the alleged indirect infringement. (Doc. No. 173 at 4-6.) In other words, Smith Interface's indirect inducement contentions fail to suggest that Apple has the requisite knowledge or intent to induce its foreign customers to come to the United States to allegedly infringe Smith Interface's patent. This Court, therefore, recommended striking Smith Interface's § 271(d) contentions because they fail to satisfy Local Patent Rule 3.1(d). Smith Interface has not adequately expressed its inducing infringement contentions under § 271(d); therefore, it has not established that worldwide sales data is relevant to its inducement claims. Accordingly, the Court **denies** Smith Interfaces request for information corresponding to Apple's alleged indirect infringement under 35 U.S.C. § 271(d).

### 2. *Sales and Distribution Information Outside of the United States in relation to 35 U.S.C. § 271(f)*

Liability under 35 U.S.C. § 271(f) requires that the claimant demonstrate that the alleged infringer "actively induce" the combination of the components.

Here, Smith Interface argues that Apple violates § 271(f) by "transmitting iOS and iPadOS software abroad to be combined in devices to supply infringing functionality.'" Liability under § 271(f) requires that the claimant demonstrate that the alleged infringer "actively induce" the combination of the components. Specifically, Smith Interface maintains that the disputed portions in Interrogatories 2, 3, and 11 seek the processes and sales information relevant to its infringement claim under § 271(f).

In response, Apple counters that Smith Interface's § 271(f) contentions: (1) have no merit; (2) do not definitively state if it is invoking § 271(f)(1) or (f)(2); and (3) do not contain basic information for example, the identity of the alleged "components" supplied by Apple from the United States. Therefore, Apple argues that Smith Interface has failed to make a cognizable § 271(f) claim that makes its extraterritorial discovery requests relevant.

As already noted, the scope of relevancy under the Federal Rules is not boundless. *See Hickman,* 329 U.S. at 507. The Report and Recommendation issued by this Court is again relevant to this discussion. It found that Smith Interface's 35 U.S.C. § 271(f) contentions failed to identify: (1) the necessary "components;" (2) Apple's role in "supply[ing]" the components from the United States; and (3) the way Apple "induce[s]" the combination of the components outside the United States. Smith Interface has not articulated its foreign infringement theories under § 271(f); therefore, it has not demonstrated that foreign sales and software distribution are relevant to any of its claims[1]. (Doc. No. 173 at 6-7.) Accordingly, the Court **denies** Smith Interface's request for information corresponding to Apple's alleged active infringement under 35 U.S.C. § 271(f).

---

[1] For example, Smith Interface has failed to articulate what "components," aside from Apple iOS software form the basis for a claim under 35 U.S.C. § 271(f)(1), and Smith Interface has dismissed its contributory infringement claims under 35 U.S.C. §271(f)(2), making its extraterritorial discovery requests no longer relevant.

### 3. Sales and Distribution Information Outside of the United States in relation to 35 U.S.C. § 103

Finally, Smith Interface argues that "commercial success" under 35 U.S.C. § 103 is an additional basis for its foreign sales and distribution information. It contends that significant sales of products embodying the patented inventions is relevant because it can be used to show that the patented inventions are not obvious under § 103. However, "[i]n general, evidence supporting objective indicia of nonobviousness must be shown to have a nexus to the claimed invention. *Chemours Co. FC, LLC v. Daikin Indus., Ltd., 4 F.4th 1370, 1378 (Fed. Cir. 2021) (internal quotations and citations omitted.).*

The court notes that Smith Interface has not plausibly justified its need for unit-by-unit worldwide sales records to show the commercial success of Apple's products. Nor has Smith Interface demonstrated how Apple's sales of iPhones and iPads outside the United States have the required nexus. And, Apple has agreed to produce detailed unit-by-unit information regarding United States sales along with worldwide sales records on a product line basis. This information should be sufficient to address the issue of commercial success.

### CONCLUSION

For the foregoing reasons, the Court **DENIES** Smith Interface's request to compel Apple to respond to the disputed portions of Interrogatories No. 2, 3, and 11.

**IT IS SO ORDERED**.

Dated: August 21, 2025

Hon. D. Thomas Ferraro
United States Magistrate Judge