Brian A. Sun
(CA SBN 89410)
**NORTON ROSE FULBRIGHT US LLP**
555 South Flower Street
Forty-First Floor
Los Angeles, California 90071
Telephone: (213) 892-9222
brian.sun@nortonrosefulbright.com

Brett C. Govett (*pro hac vice*)
(TX SBN 08235900)
**NORTON ROSE FULBRIGHT US LLP**
2200 Ross Avenue, Suite 3600
Dallas, Texas 75201
Telephone: (214) 855-8000
brett.govett@nortonrosefulbright.com

Daniel S. Leventhal (*pro hac vice*)
(TX SBN 24050923)
**NORTON ROSE FULBRIGHT US LLP**
1550 Lamar Street, Suite 2000
Houston, Texas 77010
Telephone: (713) 651-5151
daniel.leventhal@nortonrosefulbright.com

*Counsel for Plaintiff Smith Interface Technologies, LLC*

[Additional counsel listed on signature page]

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SMITH INTERFACE TECHNOLOGIES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>APPLE INC.,<br><br>Defendant. | Case No. 3:23-cv-1187-TWR-DTF<br><br>**SMITH INTERFACE'S REPLY IN SUPPORT OF ITS MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Judge: Hon. Todd W. Robinson<br>Date: October 16, 2025<br>Time: 1:30 PM<br>Courtroom: 14A, 14th Floor |

# TABLE OF CONTENTS

**PAGE**

I.  The '918 Provisional Application From 2011 Includes Apple's Alleged "New Matter" Nearly Verbatim..................................................................................2

    A.  The Allegedly "New" Material Has Existed Since 2011........................2

    B.  The Court Must Rely on the Provisional Application, Not Apple's Contradictory Allegations. ...............................................................4

II.  Apple's Inequitable Conduct Claim Fails as a Matter of Law........................6

III. Apple's Unclean Hands Defense Fails on All Grounds..................................8

IV.  Conclusion....................................................................................................10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Anderson v. Kimberly-Clark Corp.*, 570 F. App'x 927 (Fed. Cir. 2014) .......... 5, 6, 10

*Chiron Corp. v. Genentech, Inc.*, 268 F.Supp. 1139 (E.D. Cal. 2002) ....................... 9

*DR Sys., Inc. v. Eastman Kodak Co.*, No. 3:08-cv-669-MLH-BLM, 2009 WL 10671318 (S.D. Cal. Nov. 17, 2009) ..................................................... 10

*Feit Elec. Co., Inc. v. CFL Technolgogies, LLC*, No. 13-CV-9339, 2021 WL 2473794 (N.D. Ill. June 17, 2021) ............................................................ 7

*Google, LLC v. Sonos, Inc.*, No. 2024-1097, 2025 WL 2473258 (Fed. Cir. Aug. 28, 2025) .................................................................................................. 9

*Impact Engine, Inc. v. Google LLC*, 2020 WL 3414627 (S.D. Cal. 2020). ................................................................................................................. 6

*Keystone Driller Co. v. Gen, Excavator Co.*, 290 U.S. 240 (1933) ......................... 10

*Li Second Family Ltd. P'shp v. Toshiba Corp.*, 231 F.3d 1373 (Fed. Cir. 2000) ................................................................................................................ 7

*Miracor Med. SA v. Abbott Labs* , No. 23 C 16257, 2024 U.S. Dist. LEXIS 187716 (N.D. Ill. Oct. 7, 2024) ..................................................... 9, 10

*Network Signatures, Inc. v. State Farm Mut. Auto. Ins. Co.*, 731 F.3d 1239 (Fed. Cir. 2013) ................................................................................................ 7

*Nilssen v. Osram Sylvania, Inc.,* 504 F.3d 1223 (Fed. Cir. 2007) ............................. 7

*Personalized Media Commc'ns, LLC v. Apple Inc.,* 57 F.4th 1346 (Fed. Cir. 2023) ................................................................................................. 8

*Personalized Media Commc'n, LLC v. Apple Inc.*, 144 S. Ct. 290, 217 L. Ed. 2d 132 (2023) .......................................................................................... 8

*PowerOasis, Inc. v. T-Mobile USA, Inc.*, 522 F.3d 1299 (Fed. Cir. 2008) ........................................................................................................................ 5

*Secured Mail Sols. LLC v. Universal Wilde, Inc.*, 873 F.3d 905 (Fed. Cir. 2017) .................................................................................................................... 5

*Shire Orphan Therapies LLC v. Fresenius Kabi USA, LLC*, No. 15-cv-1102-GMS, 2018 WL 2684097 (D. Del. June 5, 2018) ........................................ 9

*Sprewell v. Golden State Warriors*, 266 F.3d 979 (9th Cir. 2001) ............................ 5

**SMITH INTERFACE'S REPLY IN SUPPORT OF ITS MOTION FOR JUDGMENT ON THE PLEADINGS**

1      Smith Interface's Motion for Judgment on the Pleadings challenged Apple's
2   serious but vague allegations of inequitable conduct and unclean hands. In its
3   Opposition, Apple specified the factual basis for its defense. It did so by centering
4   its narrative on what it calls "particularly egregious" conduct. Opp. at 3.
5      First, Apple alleges that "Smith and Caldwell added 71 paragraphs of new
6   matter to the specification—nearly 27 columns of new text (columns 67-94) and three
7   new patent figures (Figs. 22-24)" to an application from which the '754 Patent claims
8   priority. *Id.* As a continuation, Apple claims that the '754 Patent contains this
9   "improper new matter," which "includes descriptions of gesture control based on
10  duration of touch." *Id*. Second, Apple argues that because this matter was new, it
11  was a misrepresentation for Smith and Caldwell to file the application for the '754
12  Patent as a "continuation" in 2019 and claim priority back to 2011. *Id*. at 3.
13     Finally, Apple claims the entire purpose of this alleged misrepresentation was
14  to improperly obtain an earlier priority date in an effort to "deceive[] the Examiner
15  [in order] to avoid disclosing the most material prior art to the '754 patent; namely,
16  Apple's iOS 12 and 13 prior art." *Id.* at 3. According to Apple, the "motivation for
17  making these false priority claims is obvious—without a claim of priority back to the
18  earlier applications, the intervening Apple prior art would (and does) invalidate the
19  claims [Smith and Caldwell] drafted to try to cover existing features of Apple's
20  products." *Id*. at 3.
21     But Apple's entire defense is built on a staggering and dispositive factual error.
22  The alleged "new matter" is **not** new at all. As the '754 Patent's intrinsic record
23  proves, the exact same material was disclosed in its provisional application filed on
24  December 30, 2011—a foundational document Apple completely overlooked or
25  chose to ignore.
26     This foundational mistake is fatal to Apple's defense. With its sole factual
27  predicate eliminated, Apple is left with no misrepresentation, no basis to infer a
28  deceptive intent, and no prejudicial delay to support its claims of inequitable conduct

and unclean hands. With a broken foundation, Apple's pleadings are beyond repair and should be dismissed with prejudice.

## I.  THE '918 PROVISIONAL APPLICATION FROM 2011 INCLUDES APPLE'S ALLEGED "NEW MATTER" NEARLY VERBATIM

### A.  The Allegedly "New" Material Has Existed Since 2011

The text and figures that Apple alleges are "new" were, in fact, disclosed *nearly verbatim* in U.S. Provisional Application No. 61/581,918, filed on December 30, 2011 (the "'918 Provisional Application"), a document Apple completely ignores. The '754 Patent is a continuation of and claims priority to the '918 Provisional Application, and the entire contents of the '918 Provisional Application are "incorporated by [] reference." '754 Patent at 1:8-22.[1] The following table maps Apple's alleged "new matter" directly to its source in that 2011 priority document:

| The Alleged "New Matter" in the '754 Patent - 71 Paragraphs, Figs. 22-24 ||
|---|---|
| Passages Apple Alleges are "New Matter" in the '754 Patent | Corresponding Disclosure in the '918 Provisional Application (**Filed Dec. 30, 2011**) |
| 67:44-65 | [00538] - [00540] |
| 67:66 - 71:29 | [00788] - [00813] |
| 71:30-39 | [00822] |
| 71:40 - 78:54 | [00563] - [00611] |
| 78:55 - 82:46 | [00612] - [00638] |
| 82:47 - 84:52 | [00892] - [00901] |

---

[1] "Incorporation by reference provides a method for integrating material from various documents into a host document" with the legal effect that the incorporated "material is effectively part of the host document as if it were explicitly contained therein." *Advanced Display Sys. v. Kent State Univ.*, 212 F.3d 1272, 1283 (Fed. Cir. 2000).

| 84:53-94:67 | [00901] (U.S. Patent No. 7,479,949 and U.S. Patent Appl. Pub. Nos. 2011/0145692 and 2010/0188473 incorporated by reference)[2] |
|---|---|
| Fig. 22 | Fig. 52 |
| Fig. 23 | Fig. 28 |
| Fig. 24 | Fig. 33 |

For the Court's reference, a copy of the '918 Provisional Application with these excerpts highlighted and annotated is attached as an exhibit to compare to Apple's highlighting in the '754 Patent. *Compare* Ex. A *with* ECF No. 176-3. For convenience, a redline between these excerpts is attached as well. *See* Ex. B.

To illustrate its false narrative, Apple presented a timeline in its Opposition. Opp. at 4. But this timeline omits the '918 Provisional Application filed on December 30, 2011. *Id*. Further damning to Apple's narrative is that the contents of this allegedly "new" matter were made public on **June 30, 2016**—years before Apple's iOS 12 existed. This occurred when a parent application for the '754 Patent (U.S. Patent Application No. 13/567,004 ('754 Patent at 1:14-15)) was published as U.S. Patent Application Pub. No. 2016/0188181 (the "'181 Publication"), thereby making the '918 Provisional Application (to which the '754 Patent claims priority) publicly accessible. *See* 37 C.F.R. § 1.14(a)(1)(iv). Apple was aware of the '918 Provisional Application by virtue of the '181 Publication. *See* Third Am. Compl.

---

[2] For clarity, the '918 Provisional incorporates by reference U.S. Patent No. 7,479,949 and U.S. Patent Appl. Pub. Nos. 2011/0145692 and 2010/0188473. '918 Provisional at [00901]. The specification of the '754 Patent at column 84, line 53, through column 94, line 67, includes text from this patent and patent publications. Ex. C. This is not new matter. MPEP 2163.07 (https://www.uspto.gov/web/offices/pac/mpep/s2163.html) ("Replacing the identified material incorporated by reference with the actual text is not new matter."); *id*. ("Mere rephrasing of a passage does not constitute new matter. Accordingly, a rewording of a passage where the same meaning remains intact is permissible."); *id*. ("Amendments to an application which are supported in the original description are NOT new matter.")

- 3 -    3:23-cv-01187-TWR-DTF
**SMITH INTERFACE'S REPLY IN SUPPORT OF ITS MOTION FOR JUDGMENT ON THE PLEADINGS**

¶ 49, ECF No. 66 (identifying "over eighty instances" in which Apple disclosed the '181 Publication in Information Disclosure Statements during prosecution of Apple's own patents). Leaving aside the accuracy of Apple's other "facts" for the moment, a more complete timeline is reproduced below.

The documentary evidence is clear and undeniable: the 71 paragraphs and



three figures Apple identifies as "new matter" have been part of this patent family's disclosure since 2011 and public since 2016. They are not, as Apple alleges, improper additions made in 2018 to copy its products. Opp. at 3-4. Apple's entire inequitable conduct theory is built on a factual mistake.[3]

**B.     The Court Must Rely on the Provisional Application, Not Apple's Contradictory Allegations.**

Apple asserts that on Smith Interface's Motion, "the Court must accept . . . as true" its allegations that "Smith and Caldwell knowingly and intentionally added more than 71 paragraphs of new material and misrepresented that the '754 patent

---

[3] Smith Interface further informed Apple that it claims priority to December 30, 2011 as its priority date in its infringement contentions under Patent L. R. 3.1(f).

1  application was a continuation application so they could withhold Apple prior art
2  from the Patent Office." Opp. at 11.  But Ninth Circuit law is clear: in deciding a
3  motion on the pleadings, a court does not have to "accept as true allegations that
4  contradict matters properly subject to judicial notice or by exhibit." *Sprewell v.*
5  *Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  The Federal Circuit
6  applies this same rule in patent cases, confirming that a court need not accept
7  allegations contradicted by a patent's specification.  *See Secured Mail Sols. LLC v.*
8  *Universal Wilde, Inc.*, 873 F.3d 905, 913 (Fed. Cir. 2017).  That rule is directly
9  applicable here.  The '754 Patent is central to the pleadings, and it expressly
10 incorporates the entire contents of the '918 Provisional Application by reference.
11 '754 Patent at 1:8-22.  Therefore, the '918 Provisional Application is part of the
12 specification and controls over any contrary allegations.[4]

13    Apple's central contrary allegation—that Smith Interface made a "false
14 statement" by improperly designating its application as a continuation—collapses
15 under this rule.  The entire basis for designating an application as a "continuation"
16 versus a "continuation-in-part" turns on one simple, factual question: was new
17 subject matter added?  An application is properly designated a "continuation" when
18 it adds no new matter, while a "continuation-in-part" designation is required only
19 when new matter is added.  *PowerOasis, Inc. v. T-Mobile USA, Inc.*, 522 F.3d 1299,
20 1304 n.3 (Fed. Cir. 2008).  But as the '918 Provisional Application proves, no new
21 matter was added.  The allegedly "new" material was already disclosed in 2011 by
22 the '918 Provisional Application—which is incorporated by reference into the '754
23 Patent's specification.

24    Therefore, Smith Interface's designation of its applications as a "continuation"
25 was not a "false statement"—it was factually accurate and a proper designation.

---

[4] "It is also well-established that a court may take judicial notice of patents or patent applications." *Anderson v. Kimberly-Clark Corp.*, 570 F. App'x 927, 932, n.3 (Fed. Cir. 2014).

Apple's claim to the contrary is not a reasonable inference; it is an "unwarranted deduction of fact" that the law does not require the Court to accept. *Anderson*, 570 F. App'x at 931. Because Apple's core allegations are contradicted by the '754 Patent's intrinsic record, they must be disregarded. Apple's inequitable conduct claim must fail.

## II. APPLE'S INEQUITABLE CONDUCT CLAIM FAILS AS A MATTER OF LAW

In its Motion, Smith Interface explained that Apple's inequitable conduct defense was legally improper because it was based on a legal conclusion, not a specific misrepresentation of fact. Mot. at 1. This Court rejected a similar attempt to repackage a § 112 validity dispute as inequitable conduct in *Impact Engine, Inc. v. Google LLC* for that very reason. 2020 WL 3414627, at *2 (S.D. Cal. 2020). In its Opposition, Apple responded by arguing that its defense was, in fact, based on an underlying factual misrepresentation: the addition of 71 paragraphs of "new matter." Opp. at 3. But as demonstrated, that factual allegation is demonstrably false. With its sole factual predicate now disproven by the '754 Patent's intrinsic record, Apple is left with nothing. Its "improper priority claim" argument has collapsed back into a baseless legal conclusion. Not surprisingly, Apple has failed to cite a ***single*** post-*Therasense* case where a court has allowed an inequitable conduct claim to survive the pleading stage based on such a theory. Instead, Apple is forced to rely on pre-*Therasense* cases involving egregious facts that are easily distinguishable, and a collection of other allegations that fail to meet the modern "but-for" materiality standard.

In *Li Second Family Ltd. P'shp v. Toshiba Corp.*, the patentee was found to have committed inequitable conduct by affirmatively misrepresenting its entitlement to an earlier filing date while simultaneously failing to disclose that the PTAB had already "reached a contrary result" on a similar priority claim for a patent application in the same family. 231 F.3d 1373, 1378 (Fed. Cir. 2000). The patentee in *Li* knew

1  its position had already been rejected internally by the Patent Office, yet argued it to
2  a different examiner anyway.  That is a world apart from the facts here.  Here, there
3  was no prior adverse ruling, no hiding of information, and no misrepresentation.  As
4  proven in Section I, Smith Interface's continuation designation was the proper action
5  because no new matter was added.  Apple's reliance on *Li* is misplaced.

6  Apple's reliance on *Nilssen v. Osram Sylvania, Inc.* is similarly misplaced.
7  504 F.3d 1223, 1233–35 (Fed. Cir. 2007).  That pre-*Therasense* decision is irrelevant
8  today because the "collection of [] problems" that supported the finding in that case
9  would not be considered material under current law.  *Id.* at 1235.  Indeed, in a related
10 action, a court applied the modern *Therasense* standard to the same record in *Nilssen*
11 and found the improper small entity fee payments and his failure to disclose prior
12 litigation were not material.  *Feit Elec. Co., Inc. v. CFL Technolgogies, LLC*, No. 13-
13 CV-9339, 2021 WL 2473794, at *2-*6 (N.D. Ill. June 17, 2021).  The court in *Feit*
14 recognized that post-*Therasense*, such conduct is not material if it is "unrelated to the
15 substantive criteria of patentability" and would not have blocked the allowance of a
16 claim.  *Id*. at *4 (quoting *Network Signatures, Inc. v. State Farm Mut. Auto. Ins. Co*.,
17 731 F.3d 1239, 1243 (Fed. Cir. 2013)).

18 Like the now-immaterial conduct in the *Nilssen* record, none of Apple's other
19 allegations that form its supposed "pattern of misconduct"—such as burying the
20 examiner, abusing Track One status, or delaying prosecution—come close to meeting
21 the but-for materiality standard.  Opp. at 8, 12-13.  Apple cannot plausibly allege that
22 a single one of these actions taken alone or together, even if true, would have caused
23 the Patent Office to reject the Asserted Claims.  As a result, Apple's attempt to
24 construct a *Nilssen*-style "pattern of misconduct" fails because the alleged pieces of
25 that pattern are not material under the first requirement of *Therasense*.

26 Finally, Apple argues this motion is "belated" and that discovery is needed to
27 probe the inventor's and prosecuting attorney's states of mind.  Opp. at 15.  This
28 argument ignores that this case was stayed for eight months immediately after Apple

filed its answer; Smith Interface filed its motion promptly after the stay was lifted. ECF No. 141. More fundamentally, Apple's plea for discovery is a red herring because no amount of testimony can save a defense that is factually and legally baseless. As the intrinsic record proves and as demonstrated above, no "new matter" was added. Therefore, Smith Interface's designation of its application as a "continuation" was the correct and truthful designation. With no underlying misrepresentation, it is impossible for Apple to allege a plausible "specific intent to deceive" under the *Therasense* standard, and any amendment to its pleading would be futile. Apple's defense is not just legally improper; it is built on a mistaken belief.

## III. APPLE'S UNCLEAN HANDS DEFENSE FAILS ON ALL GROUNDS

Apple claims that its unclean hands defense is based on two distinct theories: its allegations for (1) inequitable conduct and (2) prosecution laches. Opp. at 18. Both theories fail.

First, Apple's unclean hands defense based on inequitable conduct necessarily fails for all the reasons set forth in the preceding sections. Because Apple has failed to plead a plausible claim of inequitable conduct, that claim cannot serve as the basis for a finding of unclean hands.

Apple's second, alternative basis for unclean hands—prosecution laches—is substantively baseless because there was no unreasonable delay. Prosecution laches is an equitable defense meant to curb an "inequitable scheme to **extend . . . patent rights**." *Personalized Media Commc'ns, LLC v. Apple Inc.*, 57 F.4th 1346, 1350 (Fed. Cir. 2023)[5] Apple's allegations of delaying conduct—such as using Track One (an **accelerated examination program**),[6] filing numerous claims, and citing references—do not constitute such a scheme, as none of these actions improperly

---

[5] *cert. denied sub nom. Personalized Media Commc'n, LLC v. Apple Inc.*, 144 S. Ct. 290, 217 L. Ed. 2d 132 (2023)

[6] https://www.uspto.gov/patents/initiatives/usptos-prioritized-patent-examination-program#:~:text=The%20USPTO%20offers%20Track%20One,perform%20a%20pre%2Dexamination%20search.

1 extend the patent term. In fact, the '754 Patent is subject to a terminal disclaimer, a formal disavowal of any patent term extension. *Chiron Corp. v. Genentech, Inc.*, 268 F.Supp. 1139, 1143 (E.D. Cal. 2002) (filing of a terminal disclaimer "may weigh strongly in favor of finding the delay is reasonable").

***Critically***, even if Apple could show an unreasonable delay (which it cannot), its pleading is deficient in view of recent Federal Circuit precedent clarifying the law on the prejudice factor of prosecution laches. In *Google, LLC v. Sonos, Inc.*, the Federal Circuit held that an accused infringer "cannot be prejudiced by incorporating into its products a feature that was publicly disclosed in a patent application prior to its investment." No. 2024-1097, 2025 WL 2473258, at *7 (Fed. Cir. Aug. 28, 2025).[7] That is precisely the situation here. As demonstrated in Section I, the alleged "new matter" was filed in 2011 and made public in June 2016, years before Apple introduced its "duration of touch" feature in 2018. Apple has not and **cannot** plead prejudice by incorporating into its products this "new matter" that was publicly disclosed years before its investment.[8]

Apple rests its argument on a direct, but flawed, comparison to *Miracor Med. SA v. Abbott Labs.* Opp. at 19 (citing No. 23 C 16257, 2024 U.S. Dist. LEXIS 187716, at *10-11 (N.D. Ill. Oct. 7, 2024)). After discussing *Miracor*, Apple argues that the "misconduct underlying Apple's prosecution laches defense likewise provides grounds for unclean hands." *Id.* at 20. But the Court should not accept this

---

[7] Given that this recent, dispositive Federal Circuit decision forecloses the prejudice element of Apple's Ninth Affirmative Defense for prosecution laches, Smith Interface believes this defense also fails as a matter of law and will seek to address it in a procedurally proper manner at the earliest opportunity, should it be necessary.

[8] Furthermore, prejudice is shown if a party "would have either done something differently or experienced a change in economic position as a result of the alleged delay." *Shire Orphan Therapies LLC v. Fresenius Kabi USA, LLC*, No. 15-cv-1102-GMS, 2018 WL 2684097, at *23 (D. Del. June 5, 2018). Apple has not pled that it would have done anything differently or that it experienced such a change. Thus, even setting aside *Google v. Sonos*, under the liberal notice pleading standard of Rule 8, Apple has failed to plead prejudice.

flawed comparison, as it is based on Apple's "unwarranted deduction[s] of fact[s]." *Anderson*, 570 F. App'x at 931. In *Miracor*, the defendant alleged that the patentee prosecuted new claims after a ten-year delay while being "aware the Asserted Patents were invalid because other technology . . . preempted them" and then sued on those patents "while knowing they were invalid." *Miracor Med.* SA, No. 23 C 16257, 2024 U.S. Dist. LEXIS 187716, at *10. Here, in stark contrast, the intrinsic record proves the opposite. The allegedly "new matter" was filed in the '918 Provisional Application in 2011 and made public in 2016, years before the release of Apple's products. Therefore, Smith and Caldwell properly sought patent protection for claims that were fully supported by their original disclosure and could not be invalid in view of Apple's later-released products. Apple's attempt to equate legitimate patent prosecution with the unconscionable conduct described in *Miracor* is baseless.

Ultimately, for a finding of unclean hands, the court must find "unconscionable" conduct. *DR Sys., Inc. v. Eastman Kodak Co.*, No. 3:08-cv-669-MLH-BLM, 2009 WL 10671318, at *5 (S.D. Cal. Nov. 17, 2009) (quoting *Keystone Driller Co. v. Gen, Excavator Co.*, 290 U.S. 240, 245–46 (1933)). Here, there was no misrepresentation of priority (Section I), no improper extension of patent rights, and no prejudice to Apple. What, then, is the "unconscionable act" by Smith Interface? Simply put, there is none. Apple's prosecution laches theory fails as a matter of law and cannot support its unclean hands defense.

## IV. CONCLUSION

Apple's defenses of inequitable conduct and unclean hands are built on a central factual allegation that is demonstrably false; with its factual predicate disproven by the intrinsic record, Apple is left with no plausible misrepresentation, no basis to infer intent, and no prejudicial delay to support its claims. Respectfully, Smith Interface's Motion for Judgment on the Pleadings should be granted.

| | | |
|---|---|---|
| 1 | Dated: September 12, 2025 | Respectfully submitted, |
| 2 | | /s/ *Brett C. Govett* |
| 3 | | BRIAN A. SUN |
| 4 | | (CA SBN 89410)<br>**NORTON ROSE FULBRIGHT US LLP**<br>555 South Flower Street |
| 5 | | Forty-First Floor<br>Los Angeles, California 90071 |
| 6 | | Telephone: (213) 892-9222<br>brian.sun@nortonrosefulbright.com |
| 7 | | |
| 8 | | BRETT C. GOVETT (*pro hac vice)*<br>(TX SBN 08235900) |
| 9 | | **NORTON ROSE FULBRIGHT US LLP**<br>2200 Ross Avenue, Suite 3600<br>Dallas, Texas 75201 |
| 10 | | Telephone: (214) 855-8000<br>brett.govett@nortonrosefulbright.com |
| 11 | | vlada.wendel@nortonrosefulbright.com |
| 12 | | DANIEL S. LEVENTHAL (*pro hac vice*)<br>(TX SBN 24050923) |
| 13 | | **NORTON ROSE FULBRIGHT US LLP**<br>1550 Lamar Street, Suite 2000 |
| 14 | | Houston, Texas 77010-3095<br>Telephone: (713) 651-5151 |
| 15 | | daniel.leventhal@nortonrosefulbright.com |
| 16 | | JOHN POULOS (*pro hac vice*) |
| 17 | | (IL SBN 6324517)<br>**NORTON ROSE FULBRIGHT US LLP**<br>1045 W. Fulton Market, Suite 1200 |
| 18 | | Chicago, Illinois 60607<br>Telephone: (312) 964-7766 |
| 19 | | john.poulos@nortonrosefulbright.com |
| 20 | | |
| 21 | | *Counsel for Plaintiff Smith Interface Technologies, LLC* |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |