UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SMITH INTERFACE TECHNOLOGIES, LLC,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>APPLE INC.,<br><br>　　　　　　　　　　Defendant. | Case No.: 23-CV-1187 TWR (DTF)<br><br>**ORDER (1) ADOPTING REPORT AND RECOMMENDATION, AND (2) GRANTING DEFENDANT'S MOTION TO STRIKE**<br><br>(ECF Nos. 155, 173) |

Presently before the Court is Defendant Apple's Motion to Strike ("Mot.," ECF No. 155) Plaintiff Smith Interface's Indirect Infringement Contentions. The Honorable D. Thomas Ferraro has issued a Report and Recommendation regarding Apple's Motion to Strike ("R&R," ECF No. 173) recommending that the Court grant Apple's Motion. Having carefully reviewed the Parties' arguments, the record, Magistrate Judge Ferraro's Report and Recommendation, and the relevant law, the Court **ADOPTS** the Report and Recommendation in its entirety and **GRANTS** Apple's Motion.

## BACKGROUND

Magistrate Judge Ferraro's Report and Recommendation contains a thorough and accurate recitation of the factual and procedural history underlying Apple's Motion. (*See* R&R at 2–3.) This Order incorporates by reference the background set forth therein.

## LEGAL STANDARD

When a magistrate judge issues a report and recommendation on a motion pending before a district court judge, the district court must "make a de novo determination of those portion of the report . . . to which objection is made" and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 673–76 (1980); United States v. Remsing, 874 F.2d 614, 617 (9th Cir. 1989). But "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."[1] Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment (citing *Campbell v. U.S. Dist. Court*, 501 F.2d 196, 206 (9th Cir.), cert. denied, 419 U.S. 879 (1974)); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (emphasis in original) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise.").

## ANALYSIS

Having reviewed the Report and Recommendation, the Court finds that it is thorough, well-reasoned, and contains no clear error. The Court therefore **ADOPTS** Magistrate Judge Ferraro's Report and Recommendation in its entirety and **GRANTS** Apple's Motion, without leave to amend.

In particular, the Court strikes the following from Smith Interface's "Amended Patent L.R. 3.1 and 3.2 Disclosures," dated June 25, 2025:

> **IV.    Patent Local Rule 3.1(d)**
>
> Patent L. R. 3.1(d) requires Smith Interface to disclose: "For each claim which is alleged to have been indirectly infringed, an identification of any direct infringement and a description of the acts of the alleged indirect infringer that contribute to or are inducing that direct infringement. Insofar as alleged direct infringement is based on joint acts of multiple parties, the role

---

[1] On September 5, 2025, Smith Interface filed an Objection to Magistrate Judge Ferraro's Report and Recommendation. (ECF No. 177.) But on December 16, 2025, Smith Interface withdrew the Objection. (*See* ECF No. 210.) Thus, the Court treats Smith Interface's Motion as if Apple's Objection was never filed.

of each such party in the direct infringement must be described." In response to Patent L. R. 3.1(d), Smith Interface states as follows:

**'754 Patent:**

Based on information presently and reasonably available to Smith Interface, Smith Interface contends that Apple knowingly induces the infringement of the Asserted Claims by others, including resellers, retailers, and end users of the Accused Products. Acts of direct infringement by resellers and retailers of the Accused Products include selling and/or offering to sell the Accused Products within the United States, importing the Accused Products into the United States, and/or using the Accused Products in the United States. Acts of direct infringement by end users include using the Accused Products in the United States. Regardless of whether Apple also committed an act of direct infringement for a given Accused Product, each subsequent act of direct infringement by resellers, retailers, and end users of the Accused Products constitutes a separate act of direct infringement.

Apple was informed at least as early as June 27, 2023 of its infringement of the '754 Patent, when Smith Interface filed its Complaint. *See* ECF No. 1. On information and belief, with knowledge of the infringing nature of the Accused Products, Apple enters into commercial contracts, arrangements, or other practices to encourage retailers and resellers to sell and/or offer to sell the Accused Products within the United States, and/or import the Accused Products into the United States, thereby directly infringing the Asserted Claims.

On information and belief, with knowledge of the infringing nature of the Accused Products, Apple provides instructions contained in, for example, its user manuals, conducts remote software updates, and otherwise configures the Accused Products to include infringing functionality and, thus, encourages retailers, resellers, and end users of the Accused Products to use the Accused Products, thereby directly infringing the Asserted Claims. On information and belief, Apple has been supplying in or from the United States all or a substantial portion of the components of the patented invention, in such a manner as to actively induce the combination of such components outside of the United States in a manner that would infringe the Asserted Claims if such combination occurred within the United States.

(*See* ECF No. 155-6 at 6–8.)

/ / /

/ / /

/ / /

/ / /

**CONCLUSION**

In light of the foregoing, the Court **ADOPTS** Magistrate Judge Ferrero's Report and Recommendation (R&R) in its entirety and **GRANTS** Defendant Apple's Motion to Strike Apple's Indirect Infringement Contentions (Mot.), without leave to amend.

**IT IS SO ORDERED.**

Dated: January 5, 2026

Honorable Todd W. Robinson
United States District Judge